## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFETY FIRST AMBULANCE, LLC, | |
| Plaintiff, | |
| v. | Civ. A. No. 2:26-cv-00233 |
| EVEREST DENALI INSURANCE COMPANY, | |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant, Everest Denali Insurance Company ("Everest" or "Defendant"), removes this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity jurisdiction. Everest generally denies the allegations contained in the state court pleadings and files this Notice of Removal without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

In support of removal, Everest submits:

1.      Plaintiff, Safety First Ambulance, LLC ("Safety First" or "Plaintiff"), filed its Complaint against Defendant in the Philadelphia County Court of Common Pleas on December 11, 2025 in the matter captioned *Safety First Ambulance, LLC v. RSG Specialty, LLC d/b/a Everest Denali Insurance Company*, Civ. No. 251201497. *See* Ex. A. Pursuant to stipulation, Defendant's name in the caption was amended to Everest Denali Insurance Company. *See* Ex. B.

2.      Safety First served Defendant with the Summons and Complaint by first class mail, on December 17, 2025. Removal is timely because this Notice is filed within thirty (30) days of receipt. 28 U.S.C. § 1446(b).

51293180v.2

3.      This cause of action arises out of an accident involving Safety First's handling of a stretcher that purportedly resulted in injury to Jimmy Reyes.  In September 2024, Mr. Reyes filed a negligence claim against Safety First, seeking compensatory damages "not in excess of [$50,000]."  *See* Compl. ¶¶ 21–22; *see also* Compl. Exhibit B, Reyes Compl. (the "Reyes Action").

4.      After the filing of the Reyes Action, Plaintiff sought coverage from Everest under a Business Auto Policy.  Compl. ¶ 23.

5.      Everest denied coverage on February 21, 2025.  *Id.* ¶ 24.  Plaintiff sought reconsideration, and Everest again denied coverage.

6.      Ultimately, in or around May 2025, Plaintiff settled the Reyes Action for a payment of $25,000.00.  *Id.* ¶ 31.  Plaintiff also claims to have paid $8,801.26 in legal fees in connection with the Action.  *Id.* ¶ 33.

7.      In December 2025, Plaintiff filed this two-count action against Everest.  In Count I, Plaintiff claims that Everest breached the terms of its Business Auto insurance policy, and seeks damages "in excess of $50,000.00, including compensatory and punitive damages, plus interest, and costs, and attorney's fees."  *See* Cmplt, Count I.   In Count II, Plaintiff claims that Everest acted in bad faith by denying coverage under the policy and seeks damages "in excess of [a further] $50,000.00, including compensatory and punitive damages, plus interest, and costs, and attorney's fees."  *Id.* at Count II.

8.      An action is removable if it originally could have been brought in federal court.  28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]").  Section 1332(a) confers original jurisdiction to federal courts over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

- 2 -

between citizens of different states.

9.      This action could have been brought in federal court pursuant to 28 U.S.C. § 1332(a) because this is an action involving citizens of different states and because the amount in controversy exceeds $75,000.00.

10.     As to citizenship:

A.      Everest is a Delaware corporation with its principal place of business in Warren, New Jersey.

B.      Plaintiff is a Pennsylvania limited liability company with its principal place of business in Huntingdon Valley, Pennsylvania.  On information and belief, all of Plaintiffs' members are domiciled in Pennsylvania.  The undersigned counsel is not aware of any Safety First members domiciled outside of Pennsylvania.

C.      Because no defendant is a citizen of Pennsylvania, the forum-defendant rule does not prohibit removal.  *See* 28 U.S.C. § 1441(b)(2).

11.     As to amount-in-controversy:

A.      Plaintiff's claim seeks open-ended damages "in excess of $50,000" on each of Plaintiff's two counts.  The resulting claim exceeds $75,000.00, even without consideration of punitive damages or other factors.

B.      In addition, Plaintiff seeks punitive damages under 42 Pa. C.S.A. § 8371. These damages may properly be considered in determining whether the jurisdictional amount in controversy is satisfied.  *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

C.      This Court has consistently held that the amount-in-controversy

- 3 -

requirement may be satisfied by a claim for punitive damages, even if the claim for compensatory damages is $75,000.00 or less. *Hatchigian*, 2013 U.S. Dist. LEXIS 96860, *6-7 (denying motion to remand, even though plaintiff only sought $13,500 in actual damages, because of availability of punitive damages on plaintiff's bad faith claim); *Harvey*, 2008 U.S. Dist. LEXIS 55574, at *4 (finding amount-in-controversy met where plaintiff sought $14,000 in actual damages); *see also Hayward v. Parkmobile, LLC*, No. 25-CV-1820, 2025 U.S. Dist. LEXIS 202917, at *2 n.2 (E.D. Pa. Oct. 15, 2025) (noting amount-in-controversy requirement satisfied on claim for exactly $75,000.00 because of availability of treble damages).

D.    A Plaintiff's demand for punitive damages may be considered in determining whether the amount in controversy is met, even when – as here – an award of punitive damages seems unlikely. *Hatchigian v. State Farm Ins. Co.*, No. 13-2880, 2013 U.S. Dist. LEXIS 96860, at *7 (E.D. Pa. July 11, 2013) (quoting *Harvey v. United States Life Ins. Co.*, No. 08-2175, 2008 U.S. Dist. LEXIS 55574, at *4 (E.D. Pa. July 18, 2008)). To evaluate the amount of a Plaintiff's potential punitive damages, courts generally will apply a single-digit multiplier to the plaintiff's actual damage allegations, with an award of four times the compensatory damages being "close to the line of constitutional impropriety." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); *see Hatchigian*, 2013 U.S. Dist. LEXIS 96860, at *7 (citing *Campbell*); *see also Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) (noting "appropriately made ... request for punitive damages will generally satisfy the amount in controversy requirement….").

E.    Here, Plaintiff claims to have settled the Reyes Action for $25,000.00, and paid $8,801.26 in legal fees, for a total of $33,801.26 in actual damages. *Id.* ¶¶ 31, 33. Applying a low single-digit multiplier (2.3) to these damages, the amount in controversy is satisfied.

- 4 -

Alternatively, this Court may choose to credit Plaintiff's less specific allegation that he is entitled to damages "in excess of $50,000" on each of his two counts. Treating $50,000 as the relevant figure, an even lower single-digit multiplier (1.5) can be applied. Again, the amount in controversy is satisfied.

12.     In sum, this action is removable under 28 U.S.C. § 1441(a). The parties are diverse, the amount in controversy exceeds $75,000 — based on several different, separate lines of analysis — and this notice is being timely filed within 30 days of receipt of the Complaint. See 28 U.S.C. § 1446(b)(1).

13.     Copies of all process, pleadings, and orders are being filed with this Notice, as required by 28 U.S.C. § 1446(a). Under 28 U.S.C. § 1446(d), Everest will promptly file written notice of this removal with the state court and will serve all parties and counsel of record.

**REQUEST FOR EXERCISE OF
FEDERAL JURISDICTION**

For the foregoing reasons, Everest asks that this Court exercise jurisdiction and that no further proceedings be held in the Court of Common Pleas of Philadelphia County. In the event there is any question as to removal, Everest requests the opportunity to submit briefs and be heard at argument.

51293180v.2

- 6 -

WHITE AND WILLIAMS LLP


BY: /s/ Paul A. Briganti
Paul A. Briganti
Pa. I.D. No. 89818
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
215.864.7000
brigantip@whiteandwilliams.com

Eric B. Hermanson (*pro hac vice* forthcoming)
Austin D. Moody (pro hac vice forthcoming)
Brandon Dillman (*pro hac vice* forthcoming)
101 Arch Street, Suite 1930
Boston, MA 02110
617.748.5200
hermansone@whiteandwilliams.com
moodya@whiteandwilliams.com
dillmanb@whiteandwilliams.com

Attorneys for Defendant,
Dated: January 14, 2026                Everest Denali Insurance Company


- 6 -

51293180v.2

## CERTIFICATE OF SERVICE

I, Paul A. Briganti, hereby certify that on January 14, 2026, the foregoing document was

served on the following:

Michael J.L. Handley, Esq.
Joseph D. McCarthy, Esq.
ROTHBERG FEDERMAN & HOLLISTER P.C.
3103 Hulmeville Road, Suite 200
Bensalem, PA 19020
mhandley@rfh.law

Attorneys for Plaintiff


/s/ Paul A. Briganti
Paul A. Briganti

51293180v.2