# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**DECEMBER 2025**

E-Filing Number: 2512023697

**01497**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>SAFETY FIRST AMBULANCE, LLC | **DEFENDANT'S NAME**<br>RSG SPECIALTY, LLC, ALIAS: DBA EVEREST DENALI<br>INSURANCE COMPANY |
| **PLAINTIFF'S ADDRESS**<br>85 TOMLINSON ROAD SUITE G<br>HUNTINGDON VALLEY PA 19006 | **DEFENDANT'S ADDRESS**<br>1735 MARKET STREET 24TH FLOOR<br>PHILADELPHIA PA 19103 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

1J – BAD FAITH

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>DEC 11 2025<br><br>**B. BALILONIS** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES      NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SAFETY FIRST AMBULANCE, LLC

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>MICHAEL HANDLEY | ADDRESS<br>3103 HULMEVILLE ROAD<br>SUITE 200<br>BENSALEM PA 19020 |
|---|---|
| **PHONE NUMBER**<br>(215)244-4224 | **FAX NUMBER**<br>none entered | |
| SUPREME COURT IDENTIFICATION NO.<br>316284 | E-MAIL ADDRESS<br>mhandley@rothbergfederman.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*MICHAEL HANDLEY* | DATE SUBMITTED<br>Thursday, December 11, 2025, 09:42 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**ROTHBERG FEDERMAN & HOLLISTER, P.C.**
Michael J.L. Handley, Esquire (Attorney ID: 316284)
Joseph D. McCarthy, Esquire (Attorney ID: 332818)
3103 Hulmeville Road
Suite 200
Bensalem, Pennsylvania 19020
mhandley@rfh.law



Filed And Attested by the
Office of Judicial Records
11 05 2025 09 XX am
BALILO

Attorneys for Plaintiff

## IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| SAFETY FIRST AMBULANCE, LLC<br>85 Tomlinson Road, Suite G<br>Huntingdon Valley, PA 19006 | : |
| | : |
| | : |
| *Plaintiff* | :   No. |
| v. | : |
| | : |
| RSG SPECIALTY, LLC d/b/a EVEREST<br>DENALI INSURANCE COMPANY<br>1735 Market Street<br>24th Floor<br>Philadelphia, PA 19103 | : |
| | : |
| *Defendant* | : |

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association Lawyer Referral and
Information Service
1101 Market St., 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Legal
1101 Market St., 11th Piso
Filadelfia, Pennsylvania 19107
(215) 238-6333

1

Case ID: 251201497

**ROTHBERG FEDERMAN & HOLLISTER, P.C.**
Michael J.L. Handley, Esquire (Attorney ID: 316284)
Joseph D. McCarthy, Esquire (Attorney ID: 332818)
3103 Hulmeville Road
Suite 200
Bensalem, Pennsylvania 19020
mhandley@rfh.law                                                    Attorneys for Plaintiff

---

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

---

SAFETY FIRST AMBULANCE, LLC          :
85 Tomlinson Road, Suite G           :
Huntingdon Valley, PA 19006          :
                                     :
                        *Plaintiff*  :    No.
v.                                   :
                                     :
RSG SPECIALTY, LLC d/b/a EVEREST     :
DENALI INSURANCE COMPANY             :
1735 Market Street                   :
24ᵗʰ Floor                           :
Philadelphia, PA 19103               :
                                     :
                        *Defendant*  :

---

## COMPLAINT

Plaintiff, Safety First Ambulance, LLC ("SFA") by its attorney, Michael J.L. Handley, Esquire, files this Complaint against Defendant Everest Denali Insurance Company ("Everest") and alleges as follows:

1.      Plaintiff, Safety First Ambulance, LLC is a Pennsylvania limited liability company with a principal place of business at 85 Tomlinson Road, Suite G, Huntingdon Valley, PA 19006.

2.      Defendant, RSG Specialty, LLC d/b/a Everest Denali Insurance Company, is a corporation licensed to conduct business in the Commonwealth of Pennsylvania with an office located at the above captioned address.

2

Case ID: 251201497

3.    This Court has jurisdiction over the subject matter of this case pursuant to 42 Pa. C.S. § 5301, as the cause of action arose in Pennsylvania.

4.    Philadelphia County, in which this Court is located, is a proper venue for this action under Pa. R.C.P. No. 2179(b) because the plaintiff is bringing this action against an insurance company, and the insured property is located in Philadelphia County.

5.    SFA provides urgent and non-emergent medical transport in the metro-Philadelphia area. It employs emergency medical technicians, advanced emergency medical technicians, and paramedics.

6.    Everest is licensed to underwrite policies in Pennsylvania.

7.    At all times material hereto, the actions or inaction of the employees and agents of Defendant were ordered, ratified, and approved by Defendant pursuant to established policies, customs, and/or practices.

8.    At all times material hereto, the conduct, policies, customs, and practices of Defendant were governed, inter alia, by the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et. seq. together with the regulations promulgated by the insurance commissioner of Pennsylvania, and as may be specified in Title 31 of the Pennsylvania Code.

9.    At all times material hereto, SFA was insured under a policy of insurance underwritten by Everest and designated Policy No. CF4CA01625231 (the "Policy"), which provided motor vehicle insurance coverage for the motor vehicles owned by SFA. (Exhibit "A")

10.    Everest underwrote this policy for SFA with full knowledge of the type and manner of work that SFA performs.

3

Case ID: 251201497

11.    At all times material hereto, Defendant knew or should have known that employees of SFA regularly loaded and unloaded SFA's insured ambulances, and that this included transporting patients to and from their insured vehicles.

12.    In underwriting and issuing the policy of motor vehicle insurance to SFA, Everest was aware of the dangers inherent in operating an ambulance service, including the potential for possible injuries during the transportation of a patient to and from the insured vehicle.

13.    On December 9, 2023, two employees of SFA, Ryan Lawther and Nicholas Pirelli, arrived at the residence of Jimmy Reyes to transport him to a dialysis center. Nicholas was driver.

14.    While the employees of SFA were transporting Mr. Reyes down the stairs, the stretcher tipped sideways; Mr. Reyes fell to the ground and suffered an injury to his shoulder.

15.    The incident occurred approximately fifty (50) feet from the insured vehicle.

16.    Had this incident not happened, the employees of Plaintiff would have immediately returned to their insured vehicle to transport Mr. Reyes to the dialysis center.

17.    The employees of Plaintiff would typically be out of their vehicle for only approximately 10 minutes to pick up the patient to transfer them to the appropriate medical provider.

18.    At the time of Mr. Reyes' injuries, the actions of Plaintiff's employees were essential to the use of the insured vehicles for the purpose they were intended.

19.    The employees of Plaintiff's presence outside the work vehicle was required by the very purpose for which the work vehicle was being used.

20.    Transporting Mr. Reyes from his home to the insured ambulance was a prerequisite to returning back to Plaintiff's premises.

4

21.    Mr. Reyes filed a complaint for personal injury against SFA in the Philadelphia Court of Common Pleas at Docket No.: 240900418 on or about September 4, 2024.  (Exhibit "B")

22.    The complaint alleged that Mr. Reyes had been injured due to the negligence and carelessness of SFA's employees.

23.    SFA submitted a claim for Business Auto coverage to Everest Denali.

24.    Everest denied SFA's claim in a letter dated February 21, 2025.

25.    Everest based this denial on two inapplicable provisions of the Policy.

26.    First, Everest claimed that Mr. Reyes' injuries did not result from the "use" of the insured vehicle, wherein Everest incorrectly defines "use" as "operation".

27.    Everest further incorrectly intimates that the injury occurred while SFA was providing "medical or other professional services" and is therefore excluded under a policy exclusion.

28.    Based on this erroneous denial, SFA sent Everest a request for reconsideration.

29.    On March 17, 2025, Everest responded to the request for reconsideration.

30.    In its response, Everest simply reiterated its prior position and again denied coverage.

31.    SFA made Mr. Reyes a settlement offer of $25,000, which he accepted.

32.    Mr. Reyes executed a general release on May 27, 2025.

33.    SFA paid $8,801.26 in legal fees for this matter.

34.    In both denials Everest failed to properly analyze the Policy language.

35.    In both denials Everest failed to evaluate the claim under the proper section.

36.    Defendant knew that Plaintiff loaded, unloaded, and transferred patients to and from medical facilities.

5

Case ID: 251201497

37. Defendant also knew that no medical care was provided to the patients during the transportation.

38. To claim that coverage was excluded due to providing medical services is disingenuous.

39. Further, under Section II. B.7. of the Policy, the handling of property is excluded from coverage before it is moved from the place where it is accepted and after it is moved from the covered auto to where it is finally delivered.

40. It would therefore be logical to conclude that between the time it is moved from the place it is picked up and delivered to its final delivery destination, it is covered.

41. The moving and handling of a patient is likewise covered from the time they are moved from the place they are picked up, until they are dropped off at their final destination.

42. Mr. Reyes was injured while being transported from his home to the dialysis center.

43. Per the terms of the Policy, Plaintiff was covered for this loss.

44. Defendant failed to analyze coverage under this section, let alone provide coverage under it.

45. At all times material hereto, employees of Plaintiff were occupying the insured vehicle as defined by the terms of the Policy.

46. The activities of the employees of Plaintiff were directed towards the use of the insured vehicle and the use of the insured vehicle was not extraneous to their actions.

47. At all times material hereto, the employees of Plaintiff were engaged in an activity essential to the use of the insured vehicle they arrived in, and which they continued to use in accordance with their employer's orders.

6

Case ID: 251201497

48.    At all times material hereto, employees of Plaintiff were in reasonably close geographic proximity to the insured vehicle.

49.    At all times material hereto, Mr. Reyes was injured as a result of the use of the insured vehicle.

50.    At all times material hereto, employees of Plaintiff remained vehicle oriented and engaged in activity involving the continued use of the vehicle.

## COUNT I
### BREACH OF CONTRACT

51.    Plaintiff incorporates by reference the allegations set forth in the paragraphs above.

52.    At all times relevant hereto, SFA was covered by its Business Auto insurance policy with Everest.

53.    SFA fulfilled all of its obligations under the insurance policy issued by Everest, including but not limited to all conditions precedent and all conditions subsequent.

54.    SFA gave timely and reasonable notice to Everest that an injury had occurred.

55.    Under the terms of the Policy, Everest was obligated to provide defense and indemnification to SFA in relation to the Reyes Complaint.

56.    Everest failed and refused to provide defense or indemnification to SFA related to the Reyes Complaint.

57.    By acting and failing to act as set forth herein, Everest breached its contractual obligations to SFA under the Policy.

58.    As a result, plaintiff has suffered damages.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant, Everest Denali Insurance Company, in an amount in excess of $50,000.00, including compensatory and punitive

7

damages, plus interest, costs, and attorney's fees, as well as such other relief as this Court deems appropriate.

## COUNT II
### BAD FAITH

59.     Plaintiff incorporates by reference the allegations set forth in paragraphs above.

60.     Defendant did not have a reasonable basis for denying the claim submitted by SFA.

61.     Defendant knew or recklessly disregarded the lack of a reasonable basis in denying the claim.

62.     Defendant acted in bad faith as defined under common law in general and as follows:

    a.     failing to entirely and appropriately evaluate and investigate Plaintiff's claim;

    b.     refusing to accept Plaintiff's coverage request based upon all available information;

    c.     failing to engage in good faith negotiations in response to Plaintiff's reasonable coverage request;

    d.     failing to promptly resolve Plaintiff's claims for an amount within the policy limits;

    e.     failing to acknowledge and act properly upon written or oral communication with respect to Plaintiff's claim;

    f.     failing to adopt reasonable policies and practices to ensure that a prompt investigation of Plaintiff's claim arising under the policies occurred and in any event, failing to promptly investigate;

    g.     refusing to defend and indemnify Plaintiff having failed to conduct a reasonable investigation

    h.     failing to attempt in good faith to provide defense and indemnification in particular and claims in general in which the company's liability has become reasonably clear;

    i.     compelling Plaintiff, in particular, and persons in general to institute litigation to recover amounts rightfully due under the policy;

8

Case ID: 251201497

j.     failing to promptly request a sworn statement from Mr. Reyes;

k.     failing to promptly request a defense medical examination of Mr. Reyes;

l.     failing to promptly and fairly evaluate this claim and make an offer corresponding thereto;

m.     failing to comply with State promulgated insurance regulations in the adjustment of claims and communications with Plaintiff;

n.     having no reasonable basis for denying Plaintiff's coverage request, or having reason to know that the denial of the Plaintiff's coverage request was frivolous and unfounded and/or in reckless disregard of the facts and proofs submitted by the Plaintiff and/or which were known to the defendant; and

o.     in such other ways as may be determined in the discovery in this action.

63.     As a result of Defendant's violations, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant, Everest Denali Insurance Company, in an amount in excess of $50,000.00, including compensatory and punitive damages, plus interest, and costs, and attorney's fees, as well as such other relief as this Court deems appropriate.

Respectfully Submitted:

Rothberg, Federman, & Hollister P.C.

By: *Michael J.L. Handley*

Michael J.L. Handley, Esquire

*Attorney for Plaintiff*

December 1, 2025

9

Case ID: 251201497

## VERIFICATION

I, Alec Bravershteyn, hereby state that I am an authorized member of Safety First Ambulance, LLC, Plaintiff in this action, and that the statements of fact made in the foregoing Complaint are true and correct upon information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date:   11/18/25

_____

Alec Bravershteyn

8

Case ID: 251201497

# EXHIBIT A

EIL 00 800 01 21

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# CHANGE IN MAILING ADDRESS ENDORSEMENT

This endorsement modifies insurance provided under the Policy:

Reference to Everest Insurance's® mailing address is amended to read:

100 Everest Way
Warren, NJ  07059

All other terms and conditions of this policy apply.

EIL 00 800 01 21            Copyright, Everest Reinsurance Company, 2021            Page 1 of 1

Case ID: 231201497

INSURED COPY

IL U 005 02 12

# PENNSYLVANIA UNINSURED MOTORISTS COVERAGE SELECTION / REJECTION

| Policy Number: | Policy Effective Date: |
|---|---|
| CF4CA01625231 | 01-25-2023 |

| Company: |
|---|
| EVEREST DENALI INSURANCE COMPANY |

| Producer: |
|---|
| RSG SPECIALTY, LLC |

| Applicant/Named Insured: |
|---|
| SAFETY FIRST AMBULANCE LLC |

Pennsylvania law permits you to make certain decisions regarding Uninsured Motorists Coverage. This document describes this coverage and the options available.

You should read this document carefully and contact us or your agent if you have any questions regarding Uninsured Motorists Coverage and your options with respect to this coverage.

This document includes general descriptions of coverage. However, no coverage is provided by this document. You should read your policy and review your Declarations page(s) and/or Schedule(s) for complete information on the coverages you are provided.

## A. Mandatory Offer Of Uninsured Motorists Coverage

Uninsured Motorists Coverage provides insurance protection to an insured for compensatory damages which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury caused by an automobile accident. Also included are damages due to bodily injury that results from an automobile accident with a hit-and-run vehicle whose owner or operator cannot be identified.

Please indicate your choices by initialing and/or signing next to the appropriate item(s) where indicated below.

### 1. Selection Of Uninsured Motorists Coverage

| (Initials) | |
|---|---|
| _____ | **I select Uninsured Motorists Coverage at limits equal to the limits of my Liability Coverage.** |
| _____ | _____ |
| **Applicant's/First Named Insured's Signature** | **Date** |

Case ID: 251201497

INSURED COPY

### 2. Rejection Of Uninsured Motorist Protection

By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

_____    _____
**Signature of First Named Insured**                                      **Date**

### 3. Rejection Of Uninsured Motorists Coverage At Limits Equal To Liability Coverage Limits

Please indicate by initialing below whether you select Uninsured Motorists Coverage at limits less than the Liability Coverage limits of your policy.

**(Initials)**

_____

I reject Uninsured Motorists Coverage at limits equal to the limits of my Liability Coverage and I select the following lower limits.

**(Choose one):**

| (Initials) | Split Limits | OR | (Initials) | Combined Single Limit |
|---|---|---|---|---|
| _____ | $ 15,000/30,000 | | _____ | $ 35,000 |
| _____ | 25,000/50,000 | | _____ | 50,000 |
| _____ | 50,000/100,000 | | _____ | 100,000 |
| _____ | 100,000/300,000 | | _____ | 250,000 |
| _____ | 250,000/500,000 | | _____ | 300,000 |
| _____ | 500,000/1,000,000 | | _____ | 350,000 |
| _____ | $ _____ (Other) | | _____ | 500,000 |
| | | | _____ | 1,000,000 |
| | | | _____ | $ _____ (Other) |

_____    _____
**Applicant's/First Named Insured's Signature**                        **Date**

© Insurance Services Office, Inc., 2012    IL U 005 02 12

Case ID: 251201497

INSURED COPY

**B. Rejection Of Stacked Uninsured Motorist Protection**

If you have elected to purchase Uninsured Motorists Coverage, you have the option to reject stacked Uninsured Motorists Coverage for a reduced premium. You may reject stacked Uninsured Motorists Coverage by signing the waiver below.

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

| | |
|---|---|
| **Signature of First Named Insured** | **Date** |

IL U 005 02 12                    © Insurance Services Office, Inc., 2012                    **Page 3 of 3**

Case ID: 251201497

INSURED COPY

IL U 006 02 12

# PENNSYLVANIA UNDERINSURED MOTORISTS COVERAGE SELECTION / REJECTION

| Policy Number:<br>CF4CA01625231 | Policy Effective Date:<br>01-25-2023 |
|---|---|

| Company:<br>EVEREST DENALI INSURANCE COMPANY |
|---|

| Producer:<br>RSG SPECIALTY, LLC |
|---|

| Applicant/Named Insured:<br>SAFETY FIRST AMBULANCE LLC |
|---|

Pennsylvania law permits you to make certain decisions regarding Underinsured Motorists Coverage. This document describes this coverage and the options available.

You should read this document carefully and contact us or your agent if you have any questions regarding Underinsured Motorists Coverage and your options with respect to this coverage.

This document includes general descriptions of coverage. However, no coverage is provided by this document. You should read your policy and review your Declarations page(s) and/or Schedule(s) for complete information on the coverages you are provided.

**A. Mandatory Offer Of Underinsured Motorists Coverage**

Underinsured Motorists Coverage provides insurance protection to an insured for compensatory damages which the insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury caused by an automobile accident.

Please indicate your choices by initialing and/or signing next to the appropriate item(s) where indicated below.

**1. Selection Of Underinsured Motorists Coverage**

| (Initials)<br>_____ | I select Underinsured Motorists Coverage at limits equal to the limits of my Liability Coverage. |
|---|---|
| _____<br>Applicant's/First Named Insured's Signature | _____<br>Date |

IL U 006 02 12                    © Insurance Services Office, Inc., 2012                    Page 1 of 3

Case ID: 251201497

INSURED COPY

**2. Rejection Of Underinsured Motorist Protection**

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

| | |
|---|---|
| _____ | _____ |
| **Signature of First Named Insured** | **Date** |

**3. Rejection Of Underinsured Motorists Coverage At Limits Equal To Liability Coverage Limits**

Please indicate by initialing below whether you select Underinsured Motorists Coverage at limits less than the Liability Coverage limits of your policy.

**(Initials)**

_____

I reject Underinsured Motorists Coverage at limits equal to the limits of my Liability Coverage and I select the following lower limits.

**(Choose one):**

| (Initials) | Split Limits | OR | (Initials) | Combined Single Limit |
|---|---|---|---|---|
| _____ | $   15,000/30,000 | | _____ | $   35,000 |
| _____ | 25,000/50,000 | | _____ | 50,000 |
| _____ | 50,000/100,000 | | _____ | 100,000 |
| _____ | 100,000/300,000 | | _____ | 250,000 |
| _____ | 250,000/500,000 | | _____ | 300,000 |
| _____ | 500,000/1,000,000 | | _____ | 350,000 |
| _____ | $ _____ (Other) | | _____ | 500,000 |
| | | | _____ | 1,000,000 |
| | | | _____ | $ _____ (Other) |

| | |
|---|---|
| _____ | _____ |
| **Applicant's/First Named Insured's Signature** | **Date** |

Case ID: 251201497

INSURED COPY

**B. Rejection Of Stacked Underinsured Motorist Protection**

If you have elected to purchase Underinsured Motorists Coverage, you have the option to reject stacked Underinsured Motorists Coverage for a reduced premium. You may reject stacked Underinsured Motorists Coverage by signing the waiver below.

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

| Signature of First Named Insured | Date |
| --- | --- |

IL U 006 02 12                    © Insurance Services Office, Inc., 2012                    Page 3 of 3

Case ID: 251201497

INSURED COPY

EN IL 20 MU 01 21

# ADVISORY NOTICE TO POLICYHOLDERS REGARDING TRADE OR ECONOMIC SANCTIONS

This Notice supersedes any provision in the policy pertaining to Trade or Economic Sanctions.

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Notice provides information concerning possible impact on your insurance coverage due to any applicable trade or economic sanctions law or regulation, including but not limited to, trade or economic sanctions laws or regulations of the United Nations, European Union, Switzerland, United Kingdom, Canada or the United States Treasury Department's Office of Foreign Assets Control (OFAC).

**Please read this Notice carefully.**

OFAC administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations; and
- Narcotics traffickers;

as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site – http//www.treas.gov/ofac.

If it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance have violated any applicable trade or economic sanctions laws or regulations, including but not limited to those of the United Nations, European Union, Switzerland, United Kingdom, Canada or the United States Treasury Department's Office of Foreign Assets Control, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to restrictions. When an insurance policy is considered such a blocked or frozen contract, no payments or premium refunds may be made without authorization from the applicable regulator. Other limitations on the premiums and payments also apply.

Copyright, Everest Reinsurance Company, 2021
Includes copyrighted material of Insurance Services Office, Inc., used with its permission.

INSURED COPY

Case ID: 251201497

EVEREST DENALI INSURANCE COMPANY

100 Everest Way, Warren, NJ 07059
Tel: 800-438-4375



## COMMON POLICY DECLARATIONS



| POLICY NUMBER CF4CA01625231 | | |
|---|---|---|
| POLICY TERM 1 Year | ACCOUNT NUMBER | ADJ. NO. |
| PRODUCER 05993         BRANCH CODE 35 | | NAMED INSURED AND MAILING ADDRESS |

| PRODUCER 05993 | BRANCH CODE 35 | NAMED INSURED AND MAILING ADDRESS |
|---|---|---|
| RSG SPECIALTY, LLC<br>1166 AVENUE OF THE AMERICAS<br>18TH FLOOR<br>NEW YORK NY 10036 | | SAFETY FIRST AMBULANCE LLC<br>PO BOX 18107<br>PHILADELPHIA PA 19116 |

POLICY PERIOD: FROM **01-25-2023** TO **01-25-2024** AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN.

ADJUSTMENT DATE:

BUSINESS DESCRIPTION:    **LIMITED LIABILITY COMPANY**

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH
YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS:

COMMERCIAL AUTOMOBILE COVERAGE PART

TOTAL

FORMS APPLICABLE TO ALL COVERAGE PARTS:

    See Schedule of Forms and Endorsements

| TOTAL | PREMIUM $ | |
|---|---|---|
| THE POLICY MAY BE SUBJECT TO ADJUSTMENT. | | |

COUNTERSIGNED _____    BY _____
                        DATE                              AUTHORIZED REPRESENTATIVE

ILU 001 (0597)

Case ID: 251201497

INSURED COPY

# SCHEDULE OF FORMS AND ENDORSEMENTS

| NAMED INSURED<br>SAFETY FIRST AMBULANCE LLC | EFFECTIVE DATE<br>01-25-23 | POLICY NUMBER<br>CF4CA01625231 |
|---|---|---|

| IF THIS ENDORSEMENT IS LISTED IN THE POLICY DEC-LARATIONS, IT IS IN EFFECT FROM THE TIME COVER-AGE UNDER THIS POLICY COMMENCES. OTHERWISE, THE EFFECTIVE DATE OF THIS ENDORSEMENT IS AS SHOWN ABOVE AT THE SAME TIME OR HOUR OF THE DAY AS THE POLICY BECAME EFFECTIVE. | COUNTERSIGNED BY:<br><br><br><br>_____<br>AUTHORIZED REPRESENTATIVE |
|---|---|

THIS ENDORSEMENT IS USED AS AN OVERFLOW FOR FIELDS ON THE DECLARATIONS PAGE NOT LARGE ENOUGH FOR THE NECESSARY INFORMATION AND TO LIST OPTIONAL COVERAGES.

COMMON POLICY FORMS AND ENDORSEMENTS

| | | |
|---|---|---|
| EIL 00 800 | 01-21 | CHANGE IN MAILING ADDRESS |
| ILU 001 | 05-97 | COMMON POLICY DECLARATIONS |
| ILU 003 | 05-89 | SCHEDULE OF FORMS AND ENDORSEMENTS |
| IL 00 17 | 11-98 | COMMON POLICY CONDITIONS |
| IL 00 21 | 09-08 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDT |
| IL 01 20 | 10-13 | PENNSYLVANIA CHANGES - DEFENSE COST |
| IL 02 46 | 09-07 | PENNSYLVANIA CHANGES-CANC & NONRENL |
| IL 09 10 | 07-02 | PENNSYLVANIA NOTICE |
| EIL 01 510 | 07-08 | POLLUTION CHANGES |
| EIL 00 595 | 01-17 | SIGNATURE PAGE |

AUTOMOBILE FORMS AND ENDORSEMENTS

| | | |
|---|---|---|
| EDEC 552 | 07-21 | BUSINESS AUTO DECLARATIONS |
| CA 00 01 | 11-20 | BUSINESS AUTO COVERAGE FORM |
| CA 23 84 | 10-13 | EXCLUSION OF TERRORISM |
| CA 01 80 | 03-21 | PENNSYLVANIA CHANGES |
| ECA 99 506 | 02-14 | Driver Exclusion |
| CA 21 92 | 09-22 | PA UM COVERAGE NON-STACKED |
| CA 21 93 | 09-22 | PA UIM MOTORISTS COVERAGE NON-STACKED |
| CA 22 37 | 10-13 | PA BASIC FIRST PARTY BENEFIT |
| CA 20 18 | 10-13 | PROFESSIONAL SERVICES NOT COVERED |
| CA 99 28 | 11-20 | STATED AMOUNT  INSURANCE |

ILU 003 (0589)

Case ID: 251201497

INSURED COPY

IL 00 17 11 98

# COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

**A. Cancellation**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

**B. Changes**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C. Examination Of Your Books And Records**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D. Inspections And Surveys**

1. We have the right to:

   a. Make inspections and surveys at any time;

   b. Give you reports on the conditions we find; and

   c. Recommend changes.

2. We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

   a. Are safe or healthful; or

   b. Comply with laws, regulations, codes or standards.

3. Paragraphs **1.** and **2.** of this condition apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

4. Paragraph **2.** of this condition does not apply to any inspections, surveys, reports or recommendations we may make relative to certification, under state or municipal statutes, ordinances or regulations, of boilers, pressure vessels or elevators.

**E. Premiums**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

**F. Transfer Of Your Rights And Duties Under This Policy**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

IL 00 17 11 98               Copyright, Insurance Services Office, Inc., 1998               Page 1 of 1

Case ID: 251201497

INSURED COPY

IL 00 21 09 08

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

© ISO Properties, Inc., 2007

Case ID: 251201497

INSURED COPY

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

 © ISO Properties, Inc., 2007 IL 00 21 09 08    □

Case ID: 251201497

INSURED COPY

IL 01 20 10 13

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# PENNSYLVANIA CHANGES – DEFENSE COSTS

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART – LEGAL LIABILITY COVERAGE FORM
COMMERCIAL PROPERTY COVERAGE PART – MORTGAGEHOLDER'S ERRORS AND OMISSIONS
COVERAGE FORM
ELECTRONIC DATA LIABILITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
FARM UMBRELLA LIABILITY POLICY
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCT WITHDRAWAL COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK COVERAGE PART

A. The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:

1. Section I of the Commercial General Liability, Commercial Liability Umbrella, Electronic Data Liability, Employment-related Practices Liability, Farm, Liquor Liability, Medical Professional Liability, Owners And Contractors Protective Liability, Pollution Liability, Product Withdrawal, Products/Completed Operations Liability, Railroad Protective Liability and Underground Storage Tank Coverage Parts, Auto Dealers Coverage Form and the Farm Umbrella Liability Policy;

2. Section II under the Auto Dealers, Business Auto and Motor Carrier Coverage Forms;

3. Section III under the Auto Dealers and Motor Carrier Coverage Forms;

4. Section A. Coverage under the Legal Liability Coverage Form; and

5. Coverage **C** – Mortgageholder's Liability under the Mortgageholder's Errors And Omissions Coverage Form.

Paragraph **B.** also applies to any other provision in the policy that sets forth a duty to defend.

B. If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

IL 01 20 10 13                © Insurance Services Office, Inc., 2013                Page 1 of 1

Case ID: 251201497

INSURED COPY

IL 02 46 09 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# PENNSYLVANIA CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

CAPITAL ASSETS PROGRAM (OUTPUT POLICY) COVERAGE PART
COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
CRIME AND FIDELITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
EQUIPMENT BREAKDOWN COVERAGE PART
FARM COVERAGE PART
FARM UMBRELLA LIABILITY POLICY
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**A.** The **Cancellation** Common Policy Condition is replaced by the following:

**CANCELLATION**

1. The first Named Insured shown in the Declarations may cancel this policy by writing or giving notice of cancellation.

2. **Cancellation Of Policies In Effect For Less Than 60 Days**

   We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least 30 days before the effective date of cancellation.

3. **Cancellation Of Policies In Effect For 60 Days Or More**

   If this policy has been in effect for 60 days or more or if this policy is a renewal of a policy we issued, we may cancel this policy only for one or more of the following reasons:

   a. You have made a material misrepresentation which affects the insurability of the risk. Notice of cancellation will be mailed or delivered at least 15 days before the effective date of cancellation.

   b. You have failed to pay a premium when due, whether the premium is payable directly to us or our agents or indirectly under a premium finance plan or extension of credit. Notice of cancellation will be mailed at least 15 days before the effective date of cancellation.

   c. A condition, factor or loss experience material to insurability has changed substantially or a substantial condition, factor or loss experience material to insurability has become known during the policy period. Notice of cancellation will be mailed or delivered at least 60 days before the effective date of cancellation.

   d. Loss of reinsurance or a substantial decrease in reinsurance has occurred, which loss or decrease, at the time of cancellation, shall be certified to the Insurance Commissioner as directly affecting in-force policies. Notice of cancellation will be mailed or delivered at least 60 days before the effective date of cancellation.

IL 02 46 09 07

© ISO Properties, Inc., 2006

Page 1 of 2

INSURED COPY

**e.** Material failure to comply with policy terms, conditions or contractual duties. Notice of cancellation will be mailed or delivered at least 60 days before the effective date of cancellation.

**f.** Other reasons that the Insurance Commissioner may approve. Notice of cancellation will be mailed or delivered at least 60 days before the effective date of cancellation.

This policy may also be cancelled from inception upon discovery that the policy was obtained through fraudulent statements, omissions or concealment of facts material to the acceptance of the risk or to the hazard assumed by us.

**4.** We will mail or deliver our notice to the first Named Insured's last mailing address known to us. Notice of cancellation will state the specific reasons for cancellation.

**5.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**6.** If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata and will be returned within 10 business days after the effective date of cancellation. If the first Named Insured cancels, the refund may be less than pro rata and will be returned within 30 days after the effective date of cancellation. The cancellation will be effective even if we have not made or offered a refund.

**7.** If notice is mailed, it will be by registered or first class mail. Proof of mailing will be sufficient proof of notice.

**B.** The following are added and supersede any provisions to the contrary:

**1. Nonrenewal**

If we decide not to renew this policy, we will mail or deliver written notice of nonrenewal, stating the specific reasons for nonrenewal, to the first Named Insured at least 60 days before the expiration date of the policy.

**2. Increase Of Premium**

If we increase your renewal premium, we will mail or deliver to the first Named Insured written notice of our intent to increase the premium at least 30 days before the effective date of the premium increase.

Any notice of nonrenewal or renewal premium increase will be mailed or delivered to the first Named Insured's last known address. If notice is mailed, it will be by registered or first class mail. Proof of mailing will be sufficient proof of notice.

© ISO Properties, Inc., 2006

IL 02 46 09 07

INSURED COPY

IL 09 10 07 02

# PENNSYLVANIA NOTICE

An Insurance Company, its agents, employees, or service contractors acting on its behalf, may provide services to reduce the likelihood of injury, death or loss. These services may include any of the following or related services incident to the application for, issuance, renewal or continuation of, a policy of insurance:

1. Surveys;

2. Consultation or advice; or

3. Inspections.

The "Insurance Consultation Services Exemption Act" of Pennsylvania provides that the Insurance Company, its agents, employees or service contractors acting on its behalf, is not liable for damages from injury, death or loss occurring as a result of any act or omission by any person in the furnishing of or the failure to furnish these services.

The Act does not apply:

1. If the injury, death or loss occurred during the actual performance of the services and was caused by the negligence of the Insurance Company, its agents, employees or service contractors;

2. To consultation services required to be performed under a written service contract not related to a policy of insurance; or

3. If any acts or omissions of the Insurance Company, its agents, employees or service contractors are judicially determined to constitute a crime, actual malice, or gross negligence.

---

**Instruction to Policy Writers**

Attach the Pennsylvania Notice to all new and renewal certificates insuring risks located in Pennsylvania.

---

IL 09 10 07 02 © ISO Properties, Inc., 2001 Page 1 of 1

INSURED COPY

EIL 01 510 07 08

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# POLLUTION CHANGES

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL EXCESS LIABILITY COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART

Any exclusion, limitation or other provision relating to pollutants ("pollutants"), or any amendment to or replacement of such exclusions, limitations or other provisions, applies whether or not the pollutant has any function in, or is of essential, integral, necessary or significant use to, your business, operations, premises, site or location.

 Copyright, Everest Reinsurance Company, 2008
Includes copyrighted material of ISO Properties, Inc., 2007. **Page 1 of 1** ☐

Case ID: 251201497

INSURED COPY

This policy is signed by officers of the Company shown on the Declarations page of this policy.

For:    Everest Denali Insurance Company

_____
President

_____
Secretary

EIL 00 595 01 17          © Everest Reinsurance Company, 1997          Case ID: 251201497

INSURED COPY

**POLICY NUMBER:**    CF4CA01625231                                 **COMMERCIAL AUTO**

## EVEREST DENALI INSURANCE COMPANY
# BUSINESS AUTO DECLARATIONS

**ITEM ONE**

| |
|---|
| **PRODUCER:**<br>RSG SPECIALTY, LLC |

**NAMED INSURED:**    SAFETY FIRST AMBULANCE LLC

**MAILING ADDRESS:**    PO BOX 18107
PHILADELPHIA, PA 19116

**POLICY PERIOD:**    From  01-25-2023  to  01-25-2024  at 12:01 A.M. Standard Time at your
mailing address shown above

**PREVIOUS POLICY NUMBER:**    CF4CA01625231

**FORM OF BUSINESS:**

[ ] CORPORATION          [X] LIMITED LIABILITY COMPANY (LLC)          [ ] INDIVIDUAL

[ ] PARTNERSHIP          [ ] OTHER _____

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY,
WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

| Premium shown is payable at inception: | $ | ███████ | | | |
|---|---|---|---|---|---|
| AUDIT PERIOD (IF APPLICABLE) | | ANNUALLY | SEMI-ANNUALLY | QUARTERLY | MONTHLY |

**ENDORSEMENTS ATTACHED TO THIS POLICY:**
**IL 00 17** — Common Policy Conditions (**IL 01 46** in Washington)
**IL 00 21** — Broad Form Nuclear Exclusion (not Applicable in New York) (**IL 01 98** in Washington)

**SEE SCHEDULE OF FORMS AND ENDORSEMENTS**
_____ .

COUNTERSIGNED _____    BY _____
(Date)                                    (Authorized Representative)

**EDEC 552 07 21**          Copyright, Everest Reinsurance Company, 2021          **Page 1**
© Insurance Services Office, Inc., 2021

Case ID: 251201497

INSURED COPY

**ITEM TWO**

**Schedule Of Coverages And Covered Autos**

This Policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Business Auto Coverage Form next to the name of the coverage.**

| COVERAGES | COVERED AUTOS | LIMIT OR DEDUCTIBLE | PREMIUM |
|---|---|---|---|
| COVERED AUTOS LIABILITY | 7 | $1,000,000 | |
| PERSONAL INJURY PROTECTION (or equivalent No-fault Coverage) | 5 | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT MINUS DEDUCTIBLE. | |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No-fault Coverage) | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT. | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE PROPERTY PROTECTION INSURANCE ENDORSEMENT MINUS                    DEDUCTIBLE FOR EACH ACCIDENT. | |
| AUTO MEDICAL PAYMENTS | 7 | $        5,000        EACH INSURED | |
| MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia only) | | SEPARATELY STATED IN THE MEDICAL EXPENSE AND INCOME LOSS BENEFITS ENDORSEMENT. | |
| UNINSURED MOTORISTS | 7 | $   1,000,000 | |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 7 | $   1,000,000 | |

EDEC 552 07 21

Copyright, Everest Reinsurance Company, 2021
© Insurance Services Office, Inc., 2021

**Page 2**

Case ID: 251201497

INSURED COPY

**ITEM TWO**
**Schedule Of Coverages And Covered Autos** (Cont'd)

| | | | |
|---|---|---|---|
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE | 7 | DEDUCTIBLE<br>FOR EACH COVERED AUTO FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM<br>(A maximum deductible may also apply. Refer to Coverage Form for details.)<br><br>OR<br><br>SEE SCHEDULE    DEDUCTIBLE<br>FOR ALL PERILS FOR EACH COVERED AUTO<br>(A maximum deductible may also apply. Refer to Coverage Form for details.)<br><br>See ITEM FOUR For Hired or Borrowed Autos. | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE | | DEDUCTIBLE<br>FOR EACH COVERED AUTO FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM<br>(A maximum deductible may also apply. Refer to Coverage Form for details.)<br><br>OR<br><br>DEDUCTIBLE<br>FOR ALL PERILS FOR EACH COVERED AUTO<br>(A maximum deductible may also apply. Refer to Coverage Form for details.)<br><br>See ITEM FOUR For Hired or Borrowed Autos. | |
| PHYSICAL DAMAGE COLLISION COVERAGE | 7 | SEE SCHEDULE    DEDUCTIBLE<br>FOR EACH COVERED AUTO.<br><br>See ITEM FOUR For Hired Or Borrowed Autos. | |
| PHYSICAL DAMAGE TOWING AND LABOR | | FOR EACH DISABLEMENT OF A PRIVATE PASSENGER AUTO, LIGHT OR MEDIUM TRUCK | |
| TAX/ SURCHARGE/ FEE | | | |
| PREMIUM FOR ENDORSEMENTS | | | |
| *ESTIMATED TOTAL PREMIUM | | | |

*This Policy may be subject to final audit.

Copyright, Everest Reinsurance Company, 2021
© Insurance Services Office, Inc., 2021

Case ID: 251201497

INSURED COPY

**ITEM THREE**

**SCHEDULE OF COVERED AUTOS YOU OWN**

| Covered Auto No. | DESCRIPTION — Year, Model, Trade Name, Body Type Serial Number(s) Vehicle Identification Number (VIN) | TERRITORY — Town & State Where The Covered Auto Will Be Principally Garaged | Original Cost New |
|---|---|---|---|
| PA1 | 2017, FORD T250, 1FDYR2CM5HKA23109 | HUNTINGDON VALLEY PA, 143 | $ 50,000 STD AMT |
| PA2 | 2017, FORD T250, 1FDYR2CM3HKA23108 | HUNTINGDON VALLEY PA, 143 | $ 50,000 STD AMT |
| PA3 | 2017, FORD T250, 1FDYR2CM5HKB32833 | HUNTINGDON VALLEY PA, 143 | $ 50,000 STD AMT |
| PA4 | 2018, FORD T250, 1FDYR2CM6JKB25699 | HUNTINGDON VALLEY PA, 143 | $ 50,000 STD AMT |
| PA5 | 2016, FORD TRANSIT-350 WAGON, 1FBZX2CM6GKA27171 | HUNTINGDON VALLEY PA, 143 | $ 25,000 STD AMT |

| Covered Auto No. | CLASSIFICATION — Radius Of Operation | Business Use s= service r= retail c= commercial | Size GVWR, GCW Or Vehicle Seating Capacity | Age Group | Secondary Rating Classification | Code | Except For Towing And Labor, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below According To Their Interests In The Auto At The Time Of The Loss: |
|---|---|---|---|---|---|---|---|
| PA1 | | | 9,000 | 7 | | 791900 | |
| PA2 | | | 9,000 | 7 | | 791900 | |
| PA3 | | | 9,000 | 7 | | 791900 | See Schedule Of Loss Payees |
| PA4 | | | 9,000 | 6 | | 791900 | |
| PA5 | 50 | | | 8 | | 433800 | |

**COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES**

(Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)

| Covered Auto No. | COVERED AUTOS LIABILITY — Limit | Premium | PERSONAL INJURY PROTECTION — Limit Stated In Each P.I.P. Endt. Minus Deductible Shown Below | Premium | ADDED P.I.P. — Premium For Limit Stated In Each Added P.I.P. Endt. | PROPERTY PROTECTION (Michigan Only) — Limit Stated In P.P.I. Endt. Minus Deductible Shown Below | Premium |
|---|---|---|---|---|---|---|---|
| PA1 | $ 1,000,000 | $ | ███ | ███ | | | |
| PA2 | $ 1,000,000 | $ | ███ | ███ | | | |
| PA3 | $ 1,000,000 | $ | ███ | ███ | | | |
| PA4 | $ 1,000,000 | $ | ███ | ███ | | | |
| PA5 | $ 1,000,000 | $ | ███ | ███ | | | |
| Total Premium | | | ███ | | | | |

Copyright, Everest Reinsurance Company, 2021
© Insurance Services Office, Inc., 2021

Case ID: 251201497

INSURED COPY

**ITEM THREE**

**SCHEDULE OF COVERED AUTOS YOU OWN**

| | DESCRIPTION | | TERRITORY | |
|---|---|---|---|---|
| **Covered Auto No.** | **Year, Model, Trade Name, Body Type Serial Number(s) Vehicle Identification Number (VIN)** | | **Town & State Where The Covered Auto Will Be Principally Garaged** | **Original Cost New** |
| PA6 | 2015, FORD TRANSIT-350 WAGON, 1FBZX2CMXFKA85184 | | HUNTINGDON VALLEY PA, 143 | $ 25,000 STD AMT |
| PA7 | 2015, FORD TRANSIT-350 WAGON, 1FBZX2CM3FKA88217 | | HUNTINGDON VALLEY PA, 143 | $ 25,000 STD AMT |
| PA8 | 2015, FORD TRANSIT-350 WAGON, 1FBZX2CM2FKA73529 | | HUNTINGDON VALLEY PA, 143 | $ 25,000 STD AMT |
| PA9 | 2017, FORD T250, 1FDYR2CM8HKA42303 | | HUNTINGDON VALLEY PA, 143 | $ 50,000 STD AMT |
| PA10 | 2021, FORD E450SD, 1FDXE4FN0MDC19805 | | HUNTINGDON VALLEY PA, 143 | $ 50,000 STD AMT |

| | CLASSIFICATION | | | | | | | Except For Towing And Labor, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below According To Their Interests In The Auto At The Time Of The Loss: |
|---|---|---|---|---|---|---|---|---|
| **Covered Auto No.** | **Radius Of Operation** | **Business Use s= service r= retail c= commercial** | **Size GVWR, GCW Or Vehicle Seating Capacity** | **Age Group** | **Secondary Rating Classification** | | **Code** | |
| PA6 | 50 | | | 9 | | | 433800 | |
| PA7 | 50 | | | 9 | | | 433800 | |
| PA8 | 50 | | | 9 | | | 433800 | See Schedule Of Loss Payees |
| PA9 | | | 9,000 | 7 | | | 791900 | |
| PA10 | | | 14,500 | 3 | | | 791900 | |

**COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES**
**(Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)**

| | COVERED AUTOS LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | PROPERTY PROTECTION (Michigan Only) | |
|---|---|---|---|---|---|---|---|
| **Covered Auto No.** | **Limit** | **Premium** | **Limit Stated In Each P.I.P. Endt. Minus Deductible Shown Below** | **Premium** | **Premium For Limit Stated In Each Added P.I.P. Endt.** | **Limit Stated In P.P.I. Endt. Minus Deductible Shown Below** | **Premium** |
| PA6 | $ 1,000,000 | $ | | | | | |
| PA7 | $ 1,000,000 | $ | | | | | |
| PA8 | $ 1,000,000 | $ | | | | | |
| PA9 | $ 1,000,000 | $ | | | | | |
| PA10 | $ 1,000,000 | $ | | | | | |
| Total Premium | | $ | | | | | |

© Insurance Services Office, Inc., 2021

Case ID: 251201497

INSURED COPY

**ITEM THREE**

**SCHEDULE OF COVERED AUTOS YOU OWN (Continued)**

| Covered Auto No. | AUTO MEDICAL PAYMENTS | | MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia Only) | | UNINSURED MOTORISTS | | UNDER INSURED MOTORISTS |
|---|---|---|---|---|---|---|---|
| | Limit Each Insured | Premium | Limit Stated In The Medical Expense and Income Loss Benefits Endorsement For Each Person | Premium | Limit | Premium | Premium |
| PA1 | | | | | $ 1,000,000 | $ | ███ |
| PA2 | | | | | $ 1,000,000 | $ | ███ |
| PA3 | | | | | $ 1,000,000 | $ | ███ |
| PA4 | | | | | $ 1,000,000 | $ | ███ |
| PA5 | | | | | $ 1,000,000 | $ | ███ |
| Total Premium | | | | | | | |

*COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)*

| Covered Auto No. | COMPREHENSIVE | | | SPECIFIED CAUSES OF LOSS | | | COLLISION | |
|---|---|---|---|---|---|---|---|---|
| | * Deductible For Loss Caused by Theft or Mischief or Vandalism | *Deductible For All Perils | Premium | * Deductible For Loss Caused by Theft or Mischief or Vandalism | *Deductible For All Perils | Premium | Deductible | Premium |
| PA1 | | $ | ███ | | | | $ | ███ |
| PA2 | | $ | ███ | | | | $ | ███ |
| PA3 | | $ | ███ | | | | $ | ███ |
| PA4 | | $ | ███ | | | | $ | ███ |
| PA5 | | $ | ███ | | | | $ | ███ |
| Total Premium | | | | | | | | |

| Covered Auto No. | TOWING & LABOR | |
|---|---|---|
| | Limit Per Disablement | Premium |
| PA1 | | |
| PA2 | | |
| PA3 | | |
| PA4 | | |
| PA5 | | |
| Total Premium | | |

*(A maximum deductible may also apply. Refer to Coverage Form for details.)

EDEC 552 07 21

Copyright, Everest Reinsurance Company, 2021
© Insurance Services Office, Inc., 2021

Case ID: 251201497

INSURED COPY

**ITEM THREE**

**SCHEDULE OF COVERED AUTOS YOU OWN (Continued)**

| Covered Auto No. | AUTO MEDICAL PAYMENTS | | MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia Only) | | UNINSURED MOTORISTS | | UNDER INSURED MOTORISTS |
|---|---|---|---|---|---|---|---|
| | Limit Each Insured | Premium | Limit Stated In The Medical Expense and Income Loss Benefits Endorsement For Each Person | Premium | Limit | Premium | Premium |
| PA6 | | | | | $ 1,000,000 | $ | |
| PA7 | | | | | $ 1,000,000 | $ | |
| PA8 | | | | | $ 1,000,000 | $ | |
| PA9 | | | | | $ 1,000,000 | $ | |
| PA10 | | | | | $ 1,000,000 | $ | |
| Total Premium | | | | | | $ | |

| Covered Auto No. | COMPREHENSIVE | | | SPECIFIED CAUSES OF LOSS | | | COLLISION | |
|---|---|---|---|---|---|---|---|---|
| | * Deductible For Loss Caused by Theft or Mischief or Vandalism | *Deductible For All Perils | Premium | * Deductible For Loss Caused by Theft or Mischief or Vandalism | *Deductible For All Perils | Premium | Deductible | Premium |
| PA6 | | $ | | | | | $ | |
| PA7 | | $ | | | | | $ | |
| PA8 | | $ | | | | | $ | |
| PA9 | | $ | | | | | $ | |
| PA10 | | $ | | | | | $ | |
| Total Premium | | | | | | | | |

| Covered Auto No. | TOWING & LABOR | |
|---|---|---|
| | Limit Per Disablement | Premium |
| PA6 | | |
| PA7 | | |
| PA8 | | |
| PA9 | | |
| PA10 | | |
| Total Premium | | |

*(A maximum deductible may also apply. Refer to Coverage Form for details.)

EDEC 552 07 21

Copyright, Everest Reinsurance Company, 2021
© Insurance Services Office, Inc., 2021

Case ID: 251201497

INSURED COPY

**ITEM FOUR**

**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS**

| COVERED AUTOS LIABILITY COVERAGE<br>Cost Of Hire Rating Basis for Autos Used In Your Motor Carrier Operations<br>(Other Than Mobile Or Farm Equipment) | | | |
|---|---|---|---|
| **COVERED AUTOS LIABILITY COVERAGE** | **STATE** | **ESTIMATED ANNUAL COST OF HIRE FOR ALL STATES** | **PREMIUM** |
| Primary Coverage | | | |
| Excess Coverage | | | |
| | | **TOTAL HIRED AUTO PREMIUM** | NOT APPLICABLE |

For "autos" used in your motor carrier operations, cost of hire means:

1.  The total dollar amount of costs you incurred for the hire of automobiles (includes "trailers" and semitrailers), and if not included therein,
2.  The total remunerations of all operators and drivers' helpers, of hired automobiles whether hired with a driver by lessor or an "employee" of the lessee, or any other third party, and
3.  The total dollar amount of any other costs (e.g., repair, maintenance, fuel, etc.) directly associated with operating the hired automobiles whether such costs are absorbed by the "insured", paid to the lessor or owner, or paid to others.

| COVERED AUTOS LIABILITY COVERAGE<br>Cost Of Hire Rating Basis for Autos NOT Used In Your Motor Carrier Operations<br>(Other Than Mobile Or Farm Equipment) | | | |
|---|---|---|---|
| **COVERED AUTOS LIABILITY COVERAGE** | **STATE** | **ESTIMATED ANNUAL COST OF HIRE FOR EACH STATE** | **PREMIUM** |
| Primary Coverage | | | |
| Excess Coverage | | | |
| | | **TOTAL HIRED AUTO PREMIUM** | NOT APPLICABLE |

For "autos" **NOT** used in your motor carrier operations, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for services performed by motor carriers of property or passengers.

Case ID: 251201497

INSURED COPY

**ITEM FOUR**

**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS (Cont'd)**

| Physical Damage Coverages – Cost Of Hire Rating Basis For All Autos (Other Than Mobile or Farm Equipment) | | | | |
|---|---|---|---|---|
| **COVERAGE** | **STATE** | **DEDUCTIBLE** | **ESTIMATED ANNUAL COST OF HIRE FOR EACH STATE (Excluding Autos Hired With A Driver)** | **PREMIUM** |
| **COMPREHENSIVE** | | DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM (A maximum deductible may also apply. Refer to Coverage Form for details.). | | |
| **SPECIFIED CAUSES OF LOSS** | | DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM (A maximum deductible may also apply. Refer to Coverage Form for details.). | | |
| **COLLISION** | | DEDUCTIBLE FOR EACH  COVERED AUTO. | | |
| | | | **TOTAL HIRED AUTO PREMIUM** | |
| For Physical Damage Coverages, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for any "auto" that is leased, hired, rented or borrowed with a driver. | | | | |

Copyright, Everest Reinsurance Company, 2021
© Insurance Services Office, Inc., 2021

Case ID: 251201497

INSURED COPY

**ITEM FOUR**

**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS (Cont'd)**

| Cost Of Hire Rating Basis For Mobile Or Farm Equipment — Other Than Physical Damage Coverages | | | | | |
|---|---|---|---|---|---|
| **COVERAGE** | **STATE** | **ESTIMATED ANNUAL COST OF HIRE FOR EACH STATE** | | **PREMIUM** | |
| | | **Mobile Equipment** | **Farm Equipment** | **Mobile Equipment** | **Farm Equipment** |
| Covered Autos Liability – Primary Coverage | | | | | |
| Covered Autos Liability – Excess Coverage | | | | | |
| Personal Injury Protection | | | | | |
| Medical Expense Benefits (Virginia Only) | | | | | |
| Income Loss Benefits (Virginia Only) | | | | | |
| Auto Medical Payments | | | | | |
| **TOTAL HIRED AUTO PREMIUMS** | | | | | |
| Cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for services performed by motor carriers of property or passengers. | | | | | |

Copyright, Everest Reinsurance Company, 2021
© Insurance Services Office, Inc., 2021

Case ID: 251201497

INSURED COPY

**ITEM FOUR**

**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS (Cont'd)**

| Cost Of Hire Rating Basis For Mobile or Farm Equipment — Physical Damage Coverages | | | | | | |
|---|---|---|---|---|---|---|
| | | | ESTIMATED ANNUAL COST OF HIRE FOR EACH STATE (Excluding Autos Hired With A Driver) | | PREMIUM | |
| COVERAGE | STATE | DEDUCTIBLE | Mobile Equipment | Farm Equipment | Mobile Equipment | Farm Equipment |
| COMPREHEN-SIVE | | DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM. (A maximum deductible may also apply.  Refer to Coverage Form for details.) | | | | |
| SPECIFIED CAUSES OF LOSS | | DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM. (A maximum deductible may also apply.  Refer to Coverage Form for details.) | | | | |
| COLLISION | | DEDUCTIBLE FOR EACH COVERED AUTO. | | | | |
| | | | | TOTAL HIRED AUTO PREMIUM | | |

For Physical Damage Coverages, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for any auto that is leased, hired, rented or borrowed with a driver.

Copyright, Everest Reinsurance Company, 2021
© Insurance Services Office, Inc., 2021

Case ID: 251201497

INSURED COPY

**ITEM FOUR**

**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS (Cont'd)**

| Rental Period Rating Basis For Mobile Or Farm Equipment | | | | | |
|---|---|---|---|---|---|
| COVERAGE | TOWN AND STATE WHERE THE JOB SITE IS LOCATED | ESTIMATED NUMBER OF DAYS EQUIPMENT WILL BE RENTED | | PREMIUM | |
| | | Mobile Equipment | Farm Equipment | Mobile Equipment | Farm Equipment |
| Liability – Primary Coverage | | | | | |
| Liability – Excess Coverage | | | | | |
| Personal Injury Protection | | | | | |
| Medical Expense Benefits (Virginia Only) | | | | | |
| Income Loss Benefits (Virginia Only) | | | | | |
| Auto Medical Payments | | | | | |
| TOTAL PREMIUMS | | | | | |

**ITEM FIVE**

**SCHEDULE FOR NON-OWNERSHIP COVERED AUTOS LIABILITY**

| NAMED INSURED'S BUSINESS | RATING BASIS | NUMBER | PREMIUM |
|---|---|---|---|
| Other Than Auto Service Operations, Partnerships or LLCs | Number Of Employees | | |
| | Number Of Volunteers | | |
| Auto Service Operations | Number Of Employees Whose Principal Duty Involves The Operation Of Autos | | |
| | Number Of Volunteers | | |
| | Number Of Partners (Active and Inactive) or LLC Members | | |
| Partnerships or LLCs | Number Of Employees | | |
| | Number Of Volunteers | | |
| | Number Of Partners (Active and Inactive) or LLC Members | | |
| TOTAL NON-OWNERSHIP COVERED AUTOS LIABILITY PREMIUM | | | NOT APPLICABLE |

EDEC 552 07 21          Copyright, Everest Reinsurance Company, 2021
© Insurance Services Office, Inc., 2021          **Page 12**

Case ID: 251201497

INSURED COPY

**ITEM SIX**
**SCHEDULE FOR GROSS RECEIPTS OR MILEAGE BASIS**

| | |
|---|---|
| **Type Of Risk** (Check one): ☐ **Public Autos** | ☐ **Leasing Or Rental Concerns** |
| **Rating Basis** (Check one): ☐ **Gross Receipts (Per $100)** | ☐ **Mileage (Per Mile)** |
| **Estimated Yearly** (Check One): ☐ **Gross Receipts (Per $100)** | ☐ **Mileage** |

| Premiums | |
|---|---|
| **Covered Autos Liability** | |
| **Personal Injury Protection** | |
| **Added Personal Injury Protection** | |
| **Property Protection Insurance (Michigan Only)** | |
| **Auto Medical Payments** | |
| **Medical Expense And Income Loss Benefits (Virginia Only)** | |
| **Comprehensive** | |
| **Specified Causes Of Loss** | |
| **Collision** | |
| **Towing And Labor** | |

When used as a premium basis:

**FOR PUBLIC AUTOS**

Gross receipts means the total amount earned by the named insured for transporting passengers, mail and merchandise.

Gross receipts does not include:

1. Amounts paid to air, sea or land carriers operating under their own permits.
2. Advertising revenue.
3. Taxes collected as a separate item and paid directly to the government.
4. C.O.D. collections for cost of mail or merchandise including collection fees.

Mileage means the total live and dead mileage of all revenue producing "autos" during the policy period.

**FOR RENTAL OR LEASING CONCERNS**

Gross receipts means the total amount earned by the named insured for the leasing or renting of "autos" to others without drivers.

Mileage means the total live and dead mileage of all "autos" you leased or rented to others without drivers.

EDEC 552 07 21      Copyright, Everest Reinsurance Company, 2021      **Page 13**
© Insurance Services Office, Inc., 2021

Case ID: 251201497

INSURED COPY

**COMMERCIAL AUTO**
**CA 00 01 11 20**

# BUSINESS AUTO COVERAGE FORM

Various provisions in this Policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this Policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| **1** | Any "Auto" | |
| **2** | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the Policy begins. |
| **3** | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the Policy begins. |
| **4** | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the Policy begins. |
| **5** | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the Policy begins provided they are required to have no-fault benefits in the state where they are licensed or principally garaged. |
| **6** | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the Policy begins provided they are subject to the same state uninsured motorists requirement. |
| **7** | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| **8** | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| **9** | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

CA 00 01 11 20 © Insurance Services Office, Inc., 2019 Page 1 of 13

INSURED COPY

| 19 | Mobile Equipment Subject To Compulsory Or Financial Responsibility Or Other Motor Vehicle Insurance Law Only | Only those "autos" that are land vehicles and that would qualify under the definition of "mobile equipment" under this Policy if they were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where they are licensed or principally garaged. |
|---|---|---|

**B. Owned Autos**

1. If Symbols **1, 2, 3, 4, 5, 6** or **19** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire after the policy period begins of the type described for the remainder of the policy period.

2. But, if Symbol **7** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire after the policy period begins will be a covered "auto" for that coverage only if:

    a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

    b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

3. An "auto" that is leased or rented to you without a driver, under a written agreement for a continuous period of at least six months that requires you to provide primary insurance covering such "auto", will be considered a covered "auto" you own.

**C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos**

If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:

1. "Trailers" with a registered Gross Vehicle Weight Rating of 3,000 pounds or less designed primarily for travel on public roads.

2. "Mobile equipment" while being carried or towed by a covered "auto".

3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

    a. Breakdown;

    b. Repair;

    c. Servicing;

    d. "Loss"; or

    e. Destruction.

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

1. **Who Is An Insured**

    The following are "insureds":

    a. You for any covered "auto".

    b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

        (1) The owner or anyone else from whom you hire or borrow a covered "auto".

© Insurance Services Office, Inc., 2019    CA 00 01 11 20

Case ID: 251201497

INSURED COPY

This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

## 2. Coverage Extensions

### a. Supplementary Payments

We will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

### b. Out-of-state Coverage Extensions

While a covered "auto" is away from the state where it is licensed, we will:

(1) Increase the Limit of Insurance for Covered Autos Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

## B. Exclusions

This insurance does not apply to any of the following:

### 1. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

### 2. Contractual

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

© Insurance Services Office, Inc., 2019

Case ID: 251201497

INSURED COPY

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

**(1)** Employment by the "insured"; or

**(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to:

**a.** Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

**b.** The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **a.** above.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling of property:

**a.** Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

**b.** After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

**8. Movement Of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

**9. Operations**

"Bodily injury" or "property damage" arising out of the operation of:

**a.** Any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment"; or

**b.** Machinery or equipment that is on, attached to or part of a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

**10. Completed Operations**

"Bodily injury" or "property damage" arising out of your work after that work has been completed or abandoned.

In this exclusion, your work means:

**a.** Work or operations performed by you or on your behalf; and

**b.** Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph **a.** or **b.** above.

Your work will be deemed completed at the earliest of the following times:

**(1)** When all of the work called for in your contract has been completed;

**(2)** When all of the work to be done at the site has been completed if your contract calls for work at more than one site; or

© Insurance Services Office, Inc., 2019    CA 00 01 11 20

Case ID: 251201497

INSURED COPY

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

11. **Pollution**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts if:

(1) The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

(2) The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(a) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(b) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

12. **War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

13. **Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

14. **Unmanned Aircraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance or use of "unmanned aircraft".

C. **Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit Of Insurance for Covered Autos Liability Coverage shown in the Declarations.

Case ID: 251201497

INSURED COPY

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## SECTION III – PHYSICAL DAMAGE COVERAGE

### A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The covered "auto's" collision with another object; or

   (2) The covered "auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft;

   (3) Windstorm, hail or earthquake;

   (4) Flood;

   (5) Mischief or vandalism; or

   (6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

   **c. Collision Coverage**

   Caused by:

   (1) The covered "auto's" collision with another object; or

   (2) The covered "auto's" overturn.

2. **Towing And Labor**

   We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" that is a private passenger type, light truck or medium truck is disabled. However, the labor must be performed at the place of disablement.

3. **Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

   If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

   a. Glass breakage;

   b. "Loss" caused by hitting a bird or animal; and

   c. "Loss" caused by falling objects or missiles.

   However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

4. **Coverage Extensions**

   **a. Transportation Expenses**

   We will pay up to $30 per day, to a maximum of $900, for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes Of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the Policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

   **b. Loss Of Use Expenses**

   For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

   (1) Other than collision only if the Declarations indicates that Comprehensive Coverage is provided for any covered "auto";

   (2) Specified Causes of Loss only if the Declarations indicates that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

© Insurance Services Office, Inc., 2019
CA 00 01 11 20

Case ID: 251201497

INSURED COPY

**(3)** Collision only if the Declarations indicates that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $30 per day, to a maximum of $900.

### B. Exclusions

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   **a. Nuclear Hazard**

   **(1)** The explosion of any weapon employing atomic fission or fusion; or

   **(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

   **b. War Or Military Action**

   **(1)** War, including undeclared or civil war;

   **(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   **(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such a contest or activity.

3. We will not pay for "loss" due and confined to:

   **a.** Wear and tear, freezing, mechanical or electrical breakdown.

   **b.** Blowouts, punctures or other road damage to tires.

   This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

4. We will not pay for "loss" to any of the following:

   **a.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

   **b.** Any device designed or used to detect speed-measuring equipment, such as radar or laser detectors, and any jamming apparatus intended to elude or disrupt speed-measuring equipment.

   **c.** Any electronic equipment, without regard to whether this equipment is permanently installed, that reproduces, receives or transmits audio, visual or data signals.

   **d.** Any accessories used with the electronic equipment described in Paragraph **c.** above.

5. Exclusions **4.c.** and **4.d.** do not apply to equipment designed to be operated solely by use of the power from the "auto's" electrical system that, at the time of "loss", is:

   **a.** Permanently installed in or upon the covered "auto";

   **b.** Removable from a housing unit which is permanently installed in or upon the covered "auto";

   **c.** An integral part of the same unit housing any electronic equipment described in Paragraphs **a.** and **b.** above; or

   **d.** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system.

6. We will not pay for "loss" to a covered "auto" due to "diminution in value".

### C. Limits Of Insurance

1. The most we will pay for:

   **a.** "Loss" to any one covered "auto" is the lesser of:

   **(1)** The actual cash value of the damaged or stolen property as of the time of the "loss"; or

   **(2)** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

CA 00 01 11 20    © Insurance Services Office, Inc., 2019    Page 7 of 13

Case ID: 251201497

INSURED COPY

b. All electronic equipment that reproduces, receives or transmits audio, visual or data signals in any one "loss" is $1,000, if, at the time of "loss", such electronic equipment is:

(1) Permanently installed in or upon the covered "auto" in a housing, opening or other location that is not normally used by the "auto" manufacturer for the installation of such equipment;

(2) Removable from a permanently installed housing unit as described in Paragraph **b.(1)** above; or

(3) An integral part of such equipment as described in Paragraphs **b.(1)** and **b.(2)** above.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations prior to the application of the Limit Of Insurance, provided that:

1. The Comprehensive or Specified Causes Of Loss Coverage deductible applies only to "loss" caused by:

a. Theft or mischief or vandalism; or

b. All perils.

2. Regardless of the number of covered "autos" damaged or stolen, the maximum deductible applicable for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils,

will be equal to five times the highest deductible applicable to any one covered "auto" on the Policy for Comprehensive or Specified Causes Of Loss Coverage. The application of the highest deductible used to calculate the maximum deductible will be made regardless of which covered "autos" were damaged or stolen in the "loss".

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

1. **Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this Policy unless there has been full compliance with the following duties:

a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

(1) How, when and where the "accident" or "loss" occurred;

(2) The "insured's" name and address; and

(3) To the extent possible, the names and addresses of any injured persons and witnesses.

b. Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

© Insurance Services Office, Inc., 2019    CA 00 01 11 20

Case ID: 251201497

INSURED COPY

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical records or other pertinent information.

(5) Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

c. If there is "loss" to a covered "auto" or its equipment, you must also do the following:

(1) Promptly notify the police if the covered "auto" or any of its equipment is stolen.

(2) Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

(3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

(4) Agree to examinations under oath at our request and give us a signed statement of your answers.

### 3. Legal Action Against Us

No one may bring a legal action against us under this Coverage Form until:

a. There has been full compliance with all the terms of this Coverage Form; and

b. Under Covered Autos Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this Policy to bring us into an action to determine the "insured's" liability.

### 4. Loss Payment – Physical Damage Coverages

At our option, we may:

a. Pay for, repair or replace damaged or stolen property;

b. Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

c. Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

### 5. Transfer Of Rights Of Recovery Against Others To Us

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

### 2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceals or misrepresents a material fact concerning:

a. This Coverage Form;

b. The covered "auto";

c. Your interest in the covered "auto"; or

d. A claim under this Coverage Form.

### 3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee – Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

### 5. Other Insurance

a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:

(1) Excess while it is connected to a motor vehicle you do not own; or

CA 00 01 11 20                   © Insurance Services Office, Inc., 2019                   Page 9 of 13

Case ID: 251201497

INSURED COPY

**(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this Policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this Policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the Policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

**a.** During the policy period shown in the Declarations; and

**b.** Within the coverage territory.

The coverage territory is:

**(1)** The United States of America;

**(2)** The territories and possessions of the United States of America;

**(3)** Puerto Rico;

**(4)** Canada; and

**(5)** Anywhere else in the world if a covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less,

provided that the "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada, or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us applies to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION V – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

**1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

© Insurance Services Office, Inc., 2019    CA 00 01 11 20

Case ID: 251201497

INSURED COPY

2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

(1) The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

(2) The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraph 6.b. or 6.c. of the definition of "mobile equipment".

Paragraphs b. and c. above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(a) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(b) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

E. "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

F. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

G. "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

H. "Insured contract" means:

1. A lease of premises;

2. A sidetrack agreement;

3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

5. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement; or

CA 00 01 11 20          © Insurance Services Office, Inc., 2019          Page 11 of 13

Case ID: 251201497

6. That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

   a. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

   b. That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

   c. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

I. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

J. "Loss" means direct and accidental loss or damage.

K. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

   1. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

   2. Vehicles maintained for use solely on or next to premises you own or rent;

   3. Vehicles that travel on crawler treads;

   4. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

      a. Power cranes, shovels, loaders, diggers or drills; or

      b. Road construction or resurfacing equipment such as graders, scrapers or rollers;

5. Vehicles not described in Paragraph 1., 2., 3. or 4. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   a. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment; or

   b. Cherry pickers and similar devices used to raise or lower workers; or

6. Vehicles not described in Paragraph 1., 2., 3. or 4. above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   a. Equipment designed primarily for:

      (1) Snow removal;

      (2) Road maintenance, but not construction or resurfacing; or

      (3) Street cleaning;

   b. Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   c. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well-servicing equipment.

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

L. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

M. "Property damage" means damage to or loss of use of tangible property.

N. "Suit" means a civil proceeding in which:

   1. Damages because of "bodily injury" or "property damage"; or

   2. A "covered pollution cost or expense";

   to which this insurance applies, are alleged.

    © Insurance Services Office, Inc., 2019    CA 00 01 11 20

Case ID: 251201497

INSURED COPY

"Suit" includes:

    **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**O.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**P.** "Trailer" includes semitrailer.

**Q.** "Unmanned aircraft" means an aircraft that is not:

    **1.** Designed;

    **2.** Manufactured; or

    **3.** Modified after manufacture;

to be controlled directly by a person from within or on the aircraft.

Case ID: 251201497

INSURED COPY

COMMERCIAL AUTO
CA 23 84 10 13

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# EXCLUSION OF TERRORISM

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
SINGLE INTEREST AUTOMOBILE PHYSICAL DAMAGE INSURANCE POLICY

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. The following definitions are added and apply under this endorsement wherever the term terrorism, or the phrase any injury, damage, loss or expense, is enclosed in quotation marks:

1. "Terrorism" means activities against persons, organizations or property of any nature:

    a. That involve the following or preparation for the following:

        (1) Use or threat of force or violence; or

        (2) Commission or threat of a dangerous act; or

        (3) Commission or threat of an act that interferes with or disrupts an electronic, communication, information or mechanical system; and

    b. When one or both of the following apply:

        (1) The effect is to intimidate or coerce a government or the civilian population or any segment thereof, or to disrupt any segment of the economy; or

        (2) It appears that the intent is to intimidate or coerce a government, or to further political, ideological, religious, social or economic objectives or to express (or express opposition to) a philosophy or ideology.

2. "Any injury, damage, loss or expense" means any injury, damage, loss or expense covered under any Coverage Form or Policy to which this endorsement is applicable, and includes but is not limited to "bodily injury", "property damage", "personal and advertising injury", "loss", loss of use, rental reimbursement after "loss" or "covered pollution cost or expense", as may be defined under this Coverage Form, Policy or any applicable endorsement.

B. Except with respect to Physical Damage Coverage, Trailer Interchange Coverage, Garagekeepers Coverage, Garagekeepers Coverage – Customers' Sound Receiving Equipment or the Single Interest Automobile Physical Damage Insurance Policy, the following exclusion is added:

**Exclusion Of Terrorism**

We will not pay for "any injury, damage, loss or expense" caused directly or indirectly by "terrorism", including action in hindering or defending against an actual or expected incident of "terrorism". "Any injury, damage, loss or expense" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to such injury, damage, loss or expense. **But this exclusion applies only when one or more of the following are attributed to an incident of "terrorism":**

1. The "terrorism" is carried out by means of the dispersal or application of radioactive material, or through the use of a nuclear weapon or device that involves or produces a nuclear reaction, nuclear radiation or radioactive contamination; or

CA 23 84 10 13

© Insurance Services Office, Inc., 2013

Page 1 of 3

Case ID: 251201497

INSURED COPY

2. Radioactive material is released, and it appears that one purpose of the "terrorism" was to release such material; or

3. The "terrorism" is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

4. Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the "terrorism" was to release such materials; or

5. The total of insured damage to all types of property exceeds $25,000,000. In determining whether the $25,000,000 threshold is exceeded, we will include all insured damage sustained by property of all persons and entities affected by the "terrorism" and business interruption losses sustained by owners or occupants of the damaged property. For the purpose of this provision, insured damage means damage that is covered by any insurance plus damage that would be covered by any insurance but for the application of any terrorism exclusions; or

6. Fifty or more persons sustain death or serious physical injury. For the purposes of this provision, serious physical injury means:

   a. Physical injury that involves a substantial risk of death; or

   b. Protracted and obvious physical disfigurement; or

   c. Protracted loss of or impairment of the function of a bodily member or organ.

Multiple incidents of "terrorism" which occur within a 72-hour period and appear to be carried out in concert or to have a related purpose or common leadership will be deemed to be one incident, for the purpose of determining whether the thresholds in Paragraphs **B.5.** and **B.6.** are exceeded.

With respect to this exclusion, Paragraphs **B.5.** and **B.6.** describe the thresholds used to measure the magnitude of an incident of "terrorism" and the circumstances in which the threshold will apply, for the purpose of determining whether this exclusion will apply to that incident. When the exclusion applies to an incident of "terrorism", there is no coverage under this Coverage Form, Policy or any applicable endorsement.

C. With respect to Physical Damage Coverage, Trailer Interchange Coverage, Garagekeepers Coverage, Garagekeepers Coverage – Customers' Sound Receiving Equipment or the Single Interest Automobile Physical Damage Insurance Policy, the following exclusion is added:

**Exclusion Of Terrorism**

We will not pay for any "loss", loss of use or rental reimbursement after "loss" caused directly or indirectly by "terrorism", including action in hindering or defending against an actual or expected incident of "terrorism". **But this exclusion applies only when one or more of the following are attributed to an incident of "terrorism":**

1. The "terrorism" is carried out by means of the dispersal or application of radioactive material, or through the use of a nuclear weapon or device that involves or produces a nuclear reaction, nuclear radiation or radioactive contamination; or

2. Radioactive material is released, and it appears that one purpose of the "terrorism" was to release such material; or

3. The "terrorism" is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

4. Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the "terrorism" was to release such materials; or

5. The total of insured damage to all types of property exceeds $25,000,000. In determining whether the $25,000,000 threshold is exceeded, we will include all insured damage sustained by property of all persons and entities affected by the "terrorism" and business interruption losses sustained by owners or occupants of the damaged property. For the purpose of this provision, insured damage means damage that is covered by any insurance plus damage that would be covered by any insurance but for the application of any terrorism exclusions.

Multiple incidents of "terrorism" which occur within a 72-hour period and appear to be carried out in concert or to have a related purpose or common leadership will be deemed to be one incident, for the purpose of determining whether the threshold in Paragraph **C.5.** is exceeded.

© Insurance Services Office, Inc., 2013    CA 23 84 10 13

Case ID: 251201497

INSURED COPY

With respect to this exclusion, Paragraph **C.5.** describes the threshold used to measure the magnitude of an incident of "terrorism" and the circumstances in which the threshold will apply, for the purpose of determining whether this exclusion will apply to that incident. When the exclusion applies to an incident of "terrorism", there is no coverage under this Coverage Form, Policy or any applicable endorsement.

**D.** In the event of any incident of "terrorism" that is not subject to the exclusion in Paragraph **B.** or **C.**, coverage does not apply to "any injury, damage, loss or expense" that is otherwise excluded under this Coverage Form, Policy or any applicable endorsement.

**CA 23 84 10 13**          © Insurance Services Office, Inc., 2013          **Page 3 of 3**

Case ID: 251201497

INSURED COPY

COMMERCIAL AUTO
CA 01 80 03 21

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# PENNSYLVANIA CHANGES

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Covered Autos Liability Coverage**

The following is added to Paragraph **2.a. Supplementary Payments:**

Prejudgment interest awarded against the "insured" on the part of the judgment we pay. Any prejudgment interest awarded against the "insured" is subject to the applicable Pennsylvania Rules of Civil Procedure.

**B. Changes In Conditions**

1. Paragraph **2.b.(5)** of the **Duties In The Event Of An Accident, Claim, Suit Or Loss** Condition is replaced by the following:

   **(5)** Submit to an independent medical examination when required by a court order issued in accordance with PA. CONS. STAT. § 1796.

2. The following is added to Paragraph **5. Transfer Of Rights Of Recovery Against Others To Us** Condition:

   If we make any payment due to an "accident" and the "insured" recovers from another party in a separate claim or "suit", the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid less reasonable attorneys' fees, costs and expenses incurred by the "insured" to the extent such payment duplicates any amount we have paid under this coverage.

3. The following paragraph is added to the **Other Insurance** Condition:

   If you are a motor vehicle dealer as defined in the Pennsylvania Board of Vehicles Act, 63 Pa. Stat. Ann. § 818.2, then:

   **a.** For any "auto" you own, which is loaned to a customer as a temporary substitute for an "auto" insured under a "customer's private passenger automobile insurance policy" which is out of use because it is being transported, serviced, repaired or inspected, Covered Autos Liability, but only with respect to damages because of "bodily injury" and Physical Damage Coverage provided by this Coverage Form shall be excess in the event of an "accident" or "loss".

   **b.** For any "auto" insured under your "customer's private passenger automobile insurance policy", while it is being transported, serviced, repaired or inspected by you or your "employee":

   **(1)** Covered Autos Liability, but only with respect to damages because of "bodily injury";

   **(2)** Comprehensive Coverage;

   **(3)** Specified Cause Of Loss Coverage; and/or

CA 01 80 03 21                    © Insurance Services Office, Inc., 2020                    Page 1 of 2

Case ID: 251201497

INSURED COPY

**(4)** Collision Coverage;

provided by this Coverage Form shall be primary in the event of an "accident" or "loss".

**4.** The following is added to Paragraph **B. General Conditions:**

**a. Constitutionality Clause**

The premium for, and the coverages of, this Coverage Form have been established in reliance upon the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law. In the event a court, from which there is no appeal, declares or enters a judgment, the effect of which is to render the provisions of such statute invalid or unenforceable in whole or in part, we shall have the right to recompute the premium payable for the Coverage Form and void or amend the provisions of the Coverage Form, subject to the approval of the Insurance Commissioner.

**b. Conformity Clause**

If you are a motor vehicle dealer as defined in the Pennsylvania Board of Vehicles Act, 63 Pa. Stat. Ann. § 818.2, then whenever an "auto" insured under your "customer's private passenger automobile insurance policy" is being transported, serviced, repaired or inspected by you or your "employee":

**(1)** The provisions of the:

**(a)** Covered Autos Liability, but only with respect to damages because of "bodily injury";

**(b)** Comprehensive Coverage;

**(c)** Specified Cause Of Loss Coverage; and/or

**(d)** Collision Coverage;

provided by this Coverage Form are hereby amended to conform to 40 Pa. Stat. Ann. § 991.2007a; and

**(2)** Pursuant to 40 Pa. Stat. Ann. § 991.2007a, the Limits Of Insurance provided in the Schedule or in the Declarations are hereby increased as needed to an amount equal to the:

**(a)** Applicable limit(s);

**(b)** Actual cash value; and/or

**(c)** Amount necessary to repair or replace the property with other property of like kind and quality;

set forth in the "customer's private passenger automobile insurance policy".

**C. Changes In Definitions**

For motor vehicle dealers as defined in the Pennsylvania Board of Vehicles Act, 63 Pa. Stat. Ann. § 818.2, the following definition is added:

"Customer's private passenger automobile insurance policy" means a private passenger automobile insurance policy that:

**1.** Is currently in effect; and

**2.** Lists an "auto" owned by your customer or a "customer's auto" in the Declarations.

      © Insurance Services Office, Inc., 2020      CA 01 80 03 21

Case ID: 251201497

INSURED COPY

COMMERCIAL AUTO

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# DRIVER EXCLUSION

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

The insurance afforded by this policy does not apply to any "accident" or "loss" while a covered "auto" is being driven, operated or used by:

Name of Driver(s):

JOHN HOPELY

ECA 99 506 02 14          © Everest Reinsurance Company, 2014          **Page 1 of 2**
Includes copyrighted material of Insurance Services Office, Inc.,
with its permission.

Case ID: 251201497

INSURED COPY

COMMERCIAL AUTO

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# DRIVER EXCLUSION

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

The insurance afforded by this policy does not apply to any "accident" or "loss" while a covered "auto" is being driven, operated or used by:

Name of Driver(s):

RASHAWN PITTMAN

ECA 99 506 02 14          © Everest Reinsurance Company, 2014          **Page 2 of 2**
Includes copyrighted material of Insurance Services Office, Inc.,
with its permission.

Case ID: 251201497

INSURED COPY

POLICY NUMBER:  CF4CA01625231

**COMMERCIAL AUTO**
**CA 21 92 09 22**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# PENNSYLVANIA UNINSURED MOTORISTS COVERAGE – NONSTACKED

For a covered "motor vehicle" licensed or principally garaged in, or "auto dealer operations" conducted in, Pennsylvania, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:**   SAFETY FIRST AMBULANCE LLC |
| **Endorsement Effective Date:**    1/25/2023 |

**SCHEDULE**

| |
|---|
| **Limit Of Insurance:**     $1,000,000                                                         **Each "Accident"** |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of an "uninsured motor vehicle".

2. No judgment for damages arising out of a "suit" brought against the owner or operator of an "uninsured motor vehicle" is binding on us unless we:

   a. Received reasonable notice of the pendency of the "suit" resulting in the judgment; and

   b. Had a reasonable opportunity to protect our interests in the "suit".

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members".

   b. Anyone else "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle". The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

CA 21 92 09 22                        © Insurance Services Office, Inc., 2022                       Page 1 of 5

Case ID: 251201497

INSURED COPY

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle". The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

1. Any claim settled without our consent. However, this exclusion does not apply if such settlement does not adversely affect our rights of recovery under this coverage.

2. The direct or indirect benefit of any insurer or self-insurer under any disability benefits or similar law, except workers' compensation law.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. Punitive or exemplary damages.

5. If this Policy insures one covered "motor vehicle" or five or more covered "motor vehicles", "bodily injury" sustained by:

   a. An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage Form;

   b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage Form; or

   c. Any "family member" while "occupying" or when struck by any vehicle owned by the Named Insured that is insured for Uninsured Motorists Coverage on a primary basis under any other Coverage Form or policy.

6. If this Policy insures two, three or four covered "motor vehicles", "bodily injury" sustained by:

   a. An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Uninsured Motorists Coverage under any Coverage Form or policy; or

   b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Uninsured Motorists Coverage under any Coverage Form or policy.

7. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## D. Limit Of Insurance

1. Regardless of the number of covered "motor vehicles", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit Of Insurance for Uninsured Motorists Coverage shown in the Schedule or Declarations.

2. Any amount payable for damages under this coverage shall be reduced by all sums paid by or for anyone who is legally responsible. This includes all sums paid for the same damages under this Coverage Form's Covered Autos Liability Coverage. This also includes all sums paid for an "insured's" attorney either directly or as part of the amount paid to the "insured".

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage form, Medical Payments Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

   We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

   We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any disability benefits or similar law, except workers' compensation law.

© Insurance Services Office, Inc., 2022    CA 21 92 09 22

Case ID: 251201497

INSURED COPY

**E. Changes In Conditions**

The Conditions are changed for Pennsylvania Uninsured Motorists Coverage – Nonstacked as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are changed by adding the following:

   a. Promptly notify the police if a hit-and-run driver is involved; and

   b. Promptly send us copies of the legal papers if a "suit" is brought.

2. **Legal Action Against Us** is replaced by the following:

   **Legal Action Against Us**

   a. No one may bring a legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form.

   b. Any legal action against us under this Coverage Form must be brought within four years after the date on which the "insured" knows of the uninsured status of the owner or driver of the "uninsured motor vehicle". However, this Paragraph **b.** does not apply to an "insured" if, within four years after the date on which the "insured" knows of the uninsured status of the owner or driver of the "uninsured motor vehicle", we or the "insured" has made a written demand for arbitration in accordance with the provisions of this endorsement.

3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

   If we make any payment due to an "accident" involving an "uninsured motor vehicle" and the "insured" recovers from another party in a separate claim or "suit", the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid, less reasonable attorneys' fees, costs and expenses incurred by the "insured" to the extent such payment duplicates any amount we have paid under this coverage.

4. If this Policy insures one covered "motor vehicle" or five or more covered "motor vehicles", **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are replaced by the following:

   a. If there is other applicable similar insurance available under more than one Coverage Form or policy, the following priorities of recovery apply:

| First | The Uninsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the "accident". |
|---|---|
| Second | The Coverage Form or Policy affording Uninsured Motorists Coverage to the "insured" as an individual Named Insured or "family member". |

   b. Where there is no applicable insurance available under the first priority, the maximum recovery under all Coverage Forms or policies in the second priority may equal but not exceed the highest applicable limit for any one vehicle under any one Coverage Form or policy affording coverage to an individual Named Insured or "family member".

   c. Where there is applicable insurance available under the first priority:

      (1) The Limit of Insurance applicable to the vehicle the "insured" was "occupying" under the Coverage Form or policy in the first priority shall first be exhausted; and

      (2) The maximum recovery under all Coverage Forms or policies in the second priority may equal but not exceed the highest applicable limit for any one vehicle under any one Coverage Form or policy affording coverage to an individual Named Insured or "family member".

CA 21 92 09 22                © Insurance Services Office, Inc., 2022

INSURED COPY

d. If two or more Coverage Forms or policies have equal priority:

   (1) The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority;

   (2) The insurer thereafter is entitled to recover pro rata contribution from any other insurer on the same level of priority for the benefits paid and the costs of processing the claim.

5. If this Policy insures two, three or four covered "motor vehicles", **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are replaced by the following:

   a. If there is other applicable similar insurance available under more than one Coverage Form or policy, the following priorities of recovery apply:

| First | The Uninsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the "accident". |
|---|---|
| Second | The Coverage Form or Policy affording Uninsured Motorists Coverage to the "insured" as an individual Named Insured or "family member". |

   b. If two or more Coverage Forms or policies have equal priority:

   (1) The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority;

   (2) The insurer thereafter is entitled to recover pro rata contribution from any other insurer on the same level of priority for the benefits paid and the costs of processing the claim.

6. If this Policy insures two, three or four covered "motor vehicles", **Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

7. The following condition is added:

   **Arbitration**

   a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

   b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

F. **Additional Definitions**

   As used in this endorsement:

   1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption, who is a resident of such Named Insured's household, including a ward or foster child.

   2. "Occupying" means in, upon, getting in, on, out or off.

   3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy applies at the time of an "accident".

   b. For which an insuring or bonding company:

   (1) Denies coverage;

   (2) Is or becomes insolvent; or

   (3) Is or becomes involved in insolvency proceedings.

© Insurance Services Office, Inc., 2022    CA 21 92 09 22

Case ID: 251201497

INSURED COPY

c. For which neither the driver nor owner can be identified. The vehicle or "trailer" must:

   (1) Hit an "insured", a covered "motor vehicle" or a vehicle an "insured" is "occupying"; or

   (2) Cause an "accident" resulting in "bodily injury" to an "insured" without hitting an "insured", a covered "motor vehicle" or a vehicle an "insured" is "occupying".

   If there is no physical contact with the hit-and-run vehicle, the facts of the "accident" must be proved.

However, an "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or who becomes insolvent and cannot provide the amounts required by that motor vehicle law; or

b. Designed for use mainly off public roads while not on public roads.

4. "Motor vehicle" means a vehicle which is self-propelled, except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but does not mean a vehicle operated upon rails.

INSURED COPY

CA 21 92 09 22                    © Insurance Services Office, Inc., 2022                    Page 5 of 5

POLICY NUMBER:  CF4CA01625231

**COMMERCIAL AUTO**
**CA 21 93 09 22**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# PENNSYLVANIA UNDERINSURED MOTORISTS COVERAGE – NONSTACKED

For a covered "motor vehicle" licensed or principally garaged in, or "auto dealer operations" conducted in, Pennsylvania, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

**Named Insured:**   SAFETY FIRST AMBULANCE LLC

**Endorsement Effective Date:**    1/25/2023

**SCHEDULE**

| Limit Of Insurance: | $1,000,000 | Each "Accident" |
|---|---|---|

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of an "underinsured motor vehicle".

2. We will pay under this coverage only if Paragraph **a.** or **b.** below applies:

   a. The limits of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   b. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

      (1) Have been given prompt written notice of such tentative settlement; and

      (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. No judgment for damages arising out of a "suit" brought against the owner or operator of an "underinsured motor vehicle" is binding on us unless we:

   a. Received reasonable notice of the pendency of the "suit" resulting in the judgment; and

   b. Had a reasonable opportunity to protect our interests in the "suit".

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members".

CA 21 93 09 22          © Insurance Services Office, Inc., 2022          Page 1 of 5

Case ID: 251201497

INSURED COPY

b. Anyone else "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle". The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle". The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

### C. Exclusions

This insurance does not apply to any of the following:

1. The direct or indirect benefit of any insurer or self-insurer under any disability benefits or similar law, except workers' compensation law.

2. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

3. Punitive or exemplary damages.

4. If this Policy insures one covered "motor vehicle" or five or more covered "motor vehicles", "bodily injury" sustained by:

a. An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form;

b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form; or

c. Any "family member" while "occupying" or when struck by any vehicle owned by the Named Insured that is insured for Underinsured Motorists Coverage on a primary basis under any other Coverage Form or policy.

5. If this Policy insures two, three or four covered "motor vehicles", "bodily injury" sustained by:

a. An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Underinsured Motorists Coverage under any Coverage Form or policy; or

b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Underinsured Motorists Coverage under any Coverage Form or policy.

6. "Bodily injury" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

### D. Limit Of Insurance

1. Regardless of the number of covered "motor vehicles", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit Of Insurance for Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage form, Medical Payments Coverage endorsement or Uninsured Motorists Coverage endorsement attached to this Coverage Part.

We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any disability benefits or similar law, except workers' compensation law.

          © Insurance Services Office, Inc., 2022          CA 21 93 09 22

Case ID: 251201497

INSURED COPY

**E. Changes In Conditions**

The Conditions are changed for Pennsylvania Underinsured Motorists Coverage – Nonstacked as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are changed by adding the following:

   a. Promptly send us copies of the legal papers if a "suit" is brought.

   b. A person seeking Underinsured Motorists Coverage must also promptly notify us, in writing, of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us 30 days to advance payment to the "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

2. **Legal Action Against Us** is replaced by the following:

   **Legal Action Against Us**

   a. No one may bring a legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form.

   b. Any legal action against us under this Coverage Form must be brought within four years after the date on which the "insured" either settles with, or receives a judgment against, the owner or driver of the "underinsured motor vehicle".

   c. Paragraph **2.b.** above of this condition does not apply if, within four years after the date on which the "insured" either settles with, or receives a judgment against, the owner or driver of the "underinsured motor vehicle":

   (1) We or the "insured" has made a written demand for arbitration in accordance with the provisions of this endorsement; or

   (2) The "insured" has filed an action for "bodily injury" against the owner or operator of the "underinsured motor vehicle" and such action is:

   (a) Filed in a court of competent jurisdiction; and

   (b) Not barred by the applicable state statute of limitations.

In the event that the four-year time limitation identified in this condition does not apply, the applicable state statute of limitations will govern legal action against us under this Coverage Form.

3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment due to an "accident" involving an "underinsured motor vehicle" and the "insured" recovers from another party in a separate claim or "suit", the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid, less reasonable attorneys' fees, costs and expenses incurred by the "insured" to the extent such payment duplicates any amount we have paid under this coverage.

Our rights do not apply under this provision with respect to Underinsured Motorists Coverage if we:

a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

b. We also have a right to recover the advanced payment.

CA 21 93 09 22　　　　© Insurance Services Office, Inc., 2022　　　　Page 3 of 5

Case ID: 251201497

INSURED COPY

4. If this Policy insures one covered "motor vehicle" or five or more covered "motor vehicles", **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are replaced by the following:

a. If there is other applicable similar insurance available under more than one Coverage Form or policy, the following priorities of recovery apply:

| First | The Underinsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the "accident". |
|---|---|
| Second | The Coverage Form or Policy affording Underinsured Motorists Coverage to the "insured" as an individual Named Insured or "family member". |

b. Where there is no applicable insurance available under the first priority, the maximum recovery under all Coverage Forms or policies in the second priority may equal but not exceed the highest applicable limit for any one vehicle under any one Coverage Form or policy affording coverage to an individual Named Insured or "family member".

c. Where there is applicable insurance available under the first priority:

(1) The Limit of Insurance applicable to the vehicle the "insured" was "occupying" under the Coverage Form or policy in the first priority shall first be exhausted; and

(2) The maximum recovery under all Coverage Forms or policies in the second priority may equal but not exceed the highest applicable limit for any one vehicle under any one Coverage Form or policy affording coverage to an individual Named Insured or "family member".

d. If two or more Coverage Forms or policies have equal priority:

(1) The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority;

(2) The insurer thereafter is entitled to recover pro rata contribution from any other insurer for the benefits paid and the costs of processing the claim.

5. If this Policy insures two, three or four covered "motor vehicles", **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are replaced by the following:

a. If there is other applicable similar insurance available under more than one Coverage Form or policy, the following priorities of recovery apply:

| First | The Underinsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the "accident". |
|---|---|
| Second | The Coverage Form or Policy affording Underinsured Motorists Coverage to the "insured" as an individual Named Insured or "family member". |

b. If two or more Coverage Forms or policies have equal priority:

(1) The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority;

(2) The insurer thereafter is entitled to recover pro rata contribution from any other insurer on the same level of priority for the benefits paid and the costs of processing the claim.

6. If this Policy insures two, three or four covered "motor vehicles", **Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

7. The following condition is added:

**Arbitration**

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

Case ID: 251201497

INSURED COPY

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

## F. Additional Definitions

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption, who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Underinsured motor vehicle" means a vehicle for which the sum of all liability bonds or policies that apply at the time of an "accident" does not provide at least the amount an "insured" is legally entitled to recover as damages.

However, an "underinsured motor vehicle" does not include any vehicle designed for use mainly off public roads while not on public roads.

**4.** "Motor vehicle" means a vehicle which is self-propelled, except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but does not mean a vehicle operated upon rails.

 © Insurance Services Office, Inc., 2022

Case ID: 251201497

INSURED COPY

POLICY NUMBER: CF4CA01625231

**COMMERCIAL AUTO**
CA 22 37 10 13

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# PENNSYLVANIA BASIC FIRST-PARTY BENEFIT

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Pennsylvania, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

---

**Named Insured:**

**Endorsement Effective Date:**

---

### SCHEDULE

| Benefits | Limit Of Insurance |
|---|---|
| Medical Expense Benefits | Up to $5,000 per insured |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

---

**A. Coverage**

We will pay the Basic First-party Benefit in accordance with the "Act" to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the maintenance or use of an "auto".

**BENEFITS**

Subject to the limit shown in the Schedule or Declarations, the Basic First-party Benefit consists of Medical Expense Benefits. These benefits consist of reasonable and necessary medical expenses incurred for an "insured's":

1. Care;

2. Recovery; or

3. Rehabilitation.

This includes remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid if incurred within 18 months from the date of the "accident" causing "bodily injury". If within 18 months from the date of the "accident" causing "bodily injury" it is ascertainable with reasonable medical probability that further expenses may be incurred as a result of the "bodily injury", medical expenses will be paid without limitation as to the time such further expenses are incurred.

**B. Who Is An Insured**

1. You.

2. If you are an individual, any "family member".

3. Any person while "occupying" a covered "auto".

4. Any person while not "occupying" an "auto" if injured as a result of an "accident" in Pennsylvania involving a covered "auto".

If a covered "auto" is parked and unoccupied, it is not an "auto" involved in an "accident" unless it was parked in a manner as to create an unreasonable risk of injury.

---

CA 22 37 10 13

© Insurance Services Office, Inc., 2012

Page 1 of 3

Case ID: 251201497

INSURED COPY

## C. Exclusions

We will not pay First-party Benefits for "bodily injury":

1. Sustained by any person injured while intentionally causing or attempting to cause injury to himself or herself or any other person.

2. Sustained by any person while committing a felony.

3. Sustained by any person while seeking to elude lawful apprehension or arrest by a law enforcement official.

4. Sustained by any person while maintaining or using an "auto" knowingly converted by that person. However, this exclusion does not apply to:

    a. You; or

    b. Any "family member".

5. Sustained by any person who, at the time of the "accident":

    a. Is the owner of one or more currently registered "autos" and none of those "autos" is covered by the financial responsibility required by the "Act"; or

    b. Is "occupying" an "auto" owned by that person for which the financial responsibility required by the "Act" is not in effect.

6. Sustained by any person maintaining or using an "auto" while located for use as a residence or premises.

7. Sustained by a pedestrian if the "accident" occurs outside of Pennsylvania. This exclusion does not apply to:

    a. You; or

    b. Any "family member".

8. Sustained by any person while "occupying":

    a. A recreational vehicle designed for use off public roads; or

    b. A motorcycle, moped or similar type vehicle.

9. Arising directly or indirectly out of:

    a. A discharge of a nuclear weapon (even if accidental);

    b. War, including undeclared or civil war;

    c. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    d. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

10. From or as a consequence of the following whether controlled or uncontrolled or however caused:

    a. Nuclear reaction;

    b. Radiation; or

    c. Radioactive contamination.

## D. Limit Of Insurance

1. Regardless of the number of covered "autos", premiums paid, claims made, "autos" involved in the "accident" or insurers providing First-party Benefits, the most we will pay to or for an "insured" as the result of any one "accident" is the limit shown in the Schedule or in the Declarations.

2. Any amount payable under First-party Benefits shall be excess over any sums paid, payable or required to be provided under any workers' compensation law or similar law.

## E. Changes In Conditions

The Conditions are changed for First-party Benefits as follows:

1. **Transfer Of Rights Of Recovery Against Others To Us** does not apply.

2. The following conditions are added:

    **Nonduplication Of Benefits**

    No person may recover duplicate benefits for the same expenses or loss under this or any other similar automobile coverage including self-insurance.

© Insurance Services Office, Inc., 2012     CA 22 37 10 13

Case ID: 251201497

INSURED COPY

**Priorities Of Policies**

We will pay First-party Benefits in accordance with the order of priority set forth by the "Act". We will not pay if there is another insurer at a higher level of priority. The "First" category listed below is the highest level of priority and the "Fourth" category listed below is the lowest level of priority. The priority order is:

| First | The insurer providing benefits to the "insured" as a named insured. |
|---|---|
| Second | The insurer providing benefits to the "insured" as a "family member" who is not a named insured under another policy providing coverage under the "Act". |
| Third | The insurer of the "auto" which the "insured" is "occupying" at the time of the "accident". |
| Fourth | The insurer providing benefits on any "auto" involved in the "accident" if the "insured" is: |

   a. Not "occupying" an "auto"; and

   b. Not provided First-party Benefits under any other policy.

If two or more policies have equal priority within the highest applicable number in the priority order:

1. The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible;

2. If we are the insurer against whom the claim is first made, our payment to or for an "insured" will not exceed the applicable limit shown in the Schedule or Declarations;

3. The insurer thereafter is entitled to recover pro rata contribution from any other insurer for the benefits paid and the costs of processing the claim. If contribution is sought among insurers under the Fourth priority, proration shall be based on the number of involved motor vehicles; and

4. The maximum recovery under all policies shall not exceed the amount payable under the policy with the highest dollar limit of benefits.

**F. Additional Definitions**

As used in this endorsement:

1. "Auto" means a self-propelled motor vehicle or trailer required to be registered, operated or designed for use on public roads. However, "auto" does not include a vehicle operated:

   a. By muscular power; or

   b. On rails or tracks.

2. The "Act" means the Pennsylvania Motor Vehicle Financial Responsibility Law.

3. "Family member" means a resident of your household who is:

   a. Related to you by blood, marriage or adoption; or

   b. A minor in your custody or in the custody of any other "family member".

4. "Occupying" means in, upon, getting in, on, out or off.

Case ID: 251201497

INSURED COPY

COMMERCIAL AUTO
CA 20 18 10 13

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# PROFESSIONAL SERVICES NOT COVERED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Covered Autos Liability Coverage** is changed by adding the following exclusions:

This insurance does not apply to:

1. "Bodily injury" resulting from the providing or the failure to provide any medical or other professional services.

2. "Bodily injury" resulting from food or drink furnished with these services.

3. "Bodily injury" or "property damage" resulting from the handling of corpses.

© Insurance Services Office, Inc., 2011    Page 1 of 1

Case ID: 251201497

INSURED COPY

POLICY NUMBER: CF4CA01625231

**COMMERCIAL AUTO**
**CA 99 28 11 20**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# STATED AMOUNT INSURANCE

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the Policy effective on the inception date of the Policy unless another date is indicated below.

**Named Insured:**    SAFETY FIRST AMBULANCE LLC

**Endorsement Effective Date:**    01/25/2023

## SCHEDULE

The insurance provided by this endorsement is reduced by the following deductible(s):

| Vehicle Number | Coverage | Limit Of Insurance And Deductible | | Premium |
|---|---|---|---|---|
| SEE SCHEDULE | | $ | Limit Of Insurance | $ |
| | | $ | Deductible | |
| | | $ | Limit Of Insurance | $ |
| | | $ | Deductible | |
| | | $ | Limit Of Insurance | $ |
| | | $ | Deductible | |
| | | | Total Premium | $ |

**NOTE:**

The amount shown in the Schedule or in the Declarations is not necessarily the amount you will receive at the time of "loss" for the described property. Please refer to the Limits Of Insurance and Deductible provisions which follow.

| Designation Or Description Of Covered "Autos" | | |
|---|---|---|
| Vehicle Number | Model Year | Trade Name And Model |
| SEE SCHEDULE | | |
| | | |
| | | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | | |

CA 99 28 11 20                © Insurance Services Office, Inc., 2019                Page 1 of 2

Case ID: 251201497

INSURED COPY

A. This endorsement provides only those coverages where a premium is shown in the Schedule. Each of these coverages applies only to the vehicles shown as covered "autos".

B. For a covered "auto" described in the Schedule, **Physical Damage Coverage** is amended as follows:

1. The **Limits Of Insurance** provision is replaced by the following:

   **Limits Of Insurance**

   a. The most we will pay for any one "loss" to any one covered "auto" is the least of the following amounts:

      (1) The actual cash value of the damaged or stolen property as of the time of the "loss";

      (2) The cost of repairing or replacing the damaged or stolen property with property of like kind and quality; or

      (3) The Limit Of Insurance shown in the Schedule.

   b. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

   c. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

2. The **Deductible** provision is replaced by the following:

   **Deductible**

   For each covered "auto", our obligation to pay:

   a. The actual cash value of the damaged or stolen property as of the time of the "loss" will be reduced by the applicable deductible shown in the Schedule;

   b. The cost of repairing or replacing the damaged or stolen property with property of like kind and quality will be reduced by the applicable deductible shown in the Schedule; or

   c. The damages for "loss" that would otherwise be payable will be reduced by the applicable deductible shown in the Schedule prior to the application of the Limit Of Insurance shown in the Schedule,

provided that:

   (1) Any Comprehensive or Specified Causes Of Loss Coverage Deductible shown in the Schedule applies only to "loss" caused by:

      (a) Theft or mischief or vandalism; or

      (b) All perils.

   (2) Regardless of the number of covered "autos" damaged or stolen, the maximum deductible applicable for all "loss" in any one event caused by:

      (a) Theft or mischief or vandalism; or

      (b) All perils,

      will be equal to five times the highest deductible applicable to any one covered "auto" on the Policy for Comprehensive or Specified Causes Of Loss Coverage. The application of the highest deductible used to calculate the maximum deductible will be made regardless of which covered "autos" were damaged or stolen in the "loss".

© Insurance Services Office, Inc., 2019

CA 99 28 11 20

Case ID: 251201497

INSURED COPY

# EXHIBIT B

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **SEPTEMBER 2024** | **00418** |
| E-Filing Number: 2409004835 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JIMMY REYES | SAFETY FIRST AMBULANCE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2555 WELSH ROAD APT 105 PHILADELPHIA PA 19114 | 85 TOMLINSON ROAD UNIT G HUNTINGDON VALLEY PA 19006 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | SAFETY FIRST AMBULANCE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 8400 BUSTLETON AVENUE STE 114 PHILADELPHIA PA 19152 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JOHN DOE EMPLOYEE #1 |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 123 MAIN STREET PHILADELPHIA PA 19102 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal [ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [X] $50,000.00 or less [ ] More than $50,000.00 | [X] Arbitration [ ] Jury [ ] Non-Jury [ ] Other: | [ ] Mass Tort [ ] Savings Action [ ] Petition | [ ] Commerce [ ] Minor Court Appeal [ ] Statutory Appeals | [ ] Settlement [ ] Minors [ ] W/D/Survival |

**CASE TYPE AND CODE**

2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** SEP 04 2024 **L. BREWINGTON** | IS CASE SUBJECT TO COORDINATION ORDER? YES    NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JIMMY REYES

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JOEL J. KOFSKY | 1500 JFK BOULEVARD 2 PENN CENTER |

| PHONE NUMBER | FAX NUMBER | SUITE 550 |
|---|---|---|
| (215)735-4800 | (215)735-7919 | PHILADELPHIA PA 19102 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 61114 | litigation@phillyinjurylawyer.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JOEL KOFSKY | Wednesday, September 04, 2024, 11:55 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 251201497

## COMPLETE LIST OF DEFENDANTS:

1. SAFETY FIRST AMBULANCE
   85 TOMLINSON ROAD UNIT G
   HUNTINGDON VALLEY PA 19006
2. SAFETY FIRST AMBULANCE
   8400 BUSTLETON AVENUE STE 114
   PHILADELPHIA PA 19152
3. JOHN DOE EMPLOYEE #1
   123 MAIN STREET
   PHILADELPHIA PA 19102
4. JOHN DOE EMPLOYEE #2
   123 MAIN STREET
   PHILADELPHIA PA 19102



Case ID: 251201497

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 07/25/2025

You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.

This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent parties.

There is no right to a trial by new or remand from a decision entered by a judge. **THIS IS AN ARBITRATION CASE**

**THE LAW OFFICES OF JOEL J. KOFSKY**
**JOEL J. KOFSKY, ESQUIRE**
**ATTORNEY I.D. #61114**
**1500 JFK BOULEVARD**
**2 PENN CENTER, SUITE #550**
**PHILADELPHIA, PA 19102**
**(215)735-4800**

**ASSESSMENT OF DAMAGES**
**IS REQUIRED**

**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| JIMMY REYES<br>2555 Welsh Road, Apt. 105<br>Philadelphia, PA 19114 | : **COURT OF COMMON PLEAS**<br>: **PHILADELPHIA COUNTY**<br>: |
|             Plaintiff | : **SEPTEMBER TERM, 2024** |
| v. | :<br>: **NO. _____** |
| | : |
| **SAFETY FIRST AMBULANCE**<br>85 Tomlinson Road, Unit G<br>Huntingdon Valley, PA 19006<br>    and<br>**SAFETY FIRST AMBULANCE, LLC**<br>8400 Bustleton Avenue, Ste 114<br>Philadelphia, PA 19152<br>    and<br>**JOHN DOE EMPLOYEE #1**<br>    and<br>**JOHN DOE EMPLOYEE #2**<br>                **Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Case ID: 240900418
Case ID: 251201497

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>PHILADELPHIA COUNTY BAR ASSOCIATION<br>Lawyer Referral & Information Service<br>1101 Market Streets, Philadelphia, Pennsylvania 19107<br>(215) 238-6333 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted.<br><br>LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>ASOCIACION DE LICENCIADOS DE FILADELFIA<br>Servico De Referencia E Informacion Legal<br>1101 Market Streets, Filadelfia, Pennsylvania 19107<br>(215) 238-6333 |

Case ID: 240900418
Case ID: 251201497

| | |
|---|---|
| THE LAW OFFICES OF JOEL J. KOFSKY<br>JOEL J. KOFSKY, ESQUIRE<br>ATTORNEY I.D. #61114<br>1500 JFK BOULEVARD<br>2 PENN CENTER, SUITE #550<br>PHILADELPHIA, PA 19102<br>(215)735-4800 | THIS IS AN ARBITRATION CASE<br><br>ASSESSMENT OF DAMAGES<br>IS REQUIRED<br><br>ATTORNEY FOR PLAINTIFF |

| | | |
|---|---|---|
| JIMMY REYES<br>2555 Welsh Road, Apt. 105<br>Philadelphia, PA 19114 | : <br>: <br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff<br>v. | : <br>: <br>: | SEPTEMBER TERM, 2024<br><br>NO. _____ |
| <br>SAFETY FIRST AMBULANCE<br>85 Tomlinson Road, Unit G<br>Huntingdon Valley, PA 19006<br>and<br>SAFETY FIRST AMBULANCE, LLC<br>8400 Bustleton Avenue, Ste 114<br>Philadelphia, PA 19152<br>and<br>JOHN DOE EMPLOYEE #1<br>and<br>JOHN DOE EMPLOYEE #2 | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: | |
| Defendants | : | |

## CIVIL ACTION COMPLAINT
## NEGLIGENCE – 2S – PREMISES LIABILITY

Plaintiff, Jimmy Reyes, by and through his undersigned counsel, files this Civil Action

Complaint against Defendants, Safety First Ambulance, Safety First Ambulance, LLC, John Doe

Employee #1 and John Doe Employee #2 and in support thereof, avers as follows:

1.    Plaintiff, Jimmy Reyes, is an adult individual, residing at the above-captioned

address.

2.    Defendant, Safety First Ambulance, is a business entity that operates and does

business under the laws of the Commonwealth of Pennsylvania and has designated as

its registered agent for service of process the above-captioned address.

3.    Defendant, Safety First Ambulance, LLC, is a business entity that operates and does

Case ID: 240900418<br>Case ID: 251201497

business under the laws of the Commonwealth of Pennsylvania and has designated as its registered agent for service of process the above-captioned address.

4.    Defendant, John Doe Employee #1's actual name is unknown to Plaintiff.

5.    Plaintiff avers that Defendant, John Doe Employee #1's, designation is fictitious.

6.    Upon information and belief, Defendant, John Doe Employee #1 was an employee working for Defendants, Safety First Ambulance and/or Safety First Ambulance, LLC, at 85 Tomlinson Road, Unit G, Huntingdon Valley, Pennsylvania, 19006 at all times material hereto.

7.    Defendant, John Doe Employee #2's actual name is unknown to Plaintiff.

8.    Plaintiff avers that Defendant, John Doe Employee #2's, designation is fictitious.

9.    Upon information and belief, Defendant, John Doe Employee #2 was an employee working for Defendants, Safety First Ambulance and/or Safety First Ambulance, LLC, at 85 Tomlinson Road, Unit G, Huntingdon Valley, Pennsylvania, 19006 at all times material hereto.

10.    On or about December 9, 2023, at or around 5:20 A.M., Defendants, John Doe Employee #1 and John Doe Employee #2, were lawfully present on Plaintiff's property, hired to perform emergency medical services through Defendants to assist Plaintiff, Jimmy Reyes, to assist him on his way to the dialysis center, when Defendants John Doe Employee #1 and John Doe Employee #2 strapped Plaintiff to a stretcher and carried him out through the stairs and suddenly and unexpectedly, dropped Plaintiff on the side of the steps along with the stretcher, thereby causing Plaintiff to sustain serious and permanent injuries more fully set forth herein.

11.    At all times relevant hereto Defendants knew or should have known that improper

Case ID: 240900418
Case ID: 251201497

care of property by Defendants posed a serious risk of harm to persons such as Plaintiff.

12. At all times material hereto, Defendants acted by and through their agents (actual, apparent or ostensible), servants, workmen, employees and/or officers, all of whom were then and there acting within the course and scope of their duties, agency, employment or authority for Defendants.

13. This accident was caused solely from the negligence and carelessness of Defendants and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

## COUNT I – NEGLIGENCE
## JIMMY REYES v. ALL DEFENDANTS

14. Plaintiff, Jimmy Reyes, hereby incorporates the preceding paragraphs as if same were set forth at length herein.

15. The aforesaid accident was caused by the negligence and carelessness of Defendants, which consisted, inter alia, of the following:

a. failing to exercise proper caution;
b. failing to properly, completely and thoroughly inspect the stretcher;
c. failing to properly use and move the stretcher;
d. failing to properly transport Plaintiff;
e. failing to inspect and failing to establish a policy of inspection;
f. failing to have to policies and procedures of using a stretcher for transporting individuals, such as Plaintiff;
g. failing to adhere to policies and procedures of using a stretcher for transporting individuals, such as Plaintiff;
h. otherwise acting in a manner that was negligent and careless at law and in fact all of which a reasonable person would have known or in the exercise of reasonable care should have known caused an unreasonable risk of harm to the public and more particularly to the Plaintiff herein;
i. such other acts of negligence and carelessness as may be adduced through discovery or at trial.

16. As the direct and proximate result of Defendants' negligence, Plaintiff sustained serious, severe, and debilitating injuries, including, injuries to the neck, back,

shoulders, chest, body, head, knees, and extremities; and other injuries which may be known, other injuries which may be unknown and others which may develop, some or all of which may be permanent in nature.

17. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and will continue to suffer same for an indefinite period of time in the future.

18. As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries suffered.

19. As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

20. As a further result of the said accident, Plaintiff has been unable to attend to daily chores, duties, and occupations, and will be unable to do so for an indefinite time in the future, all to Plaintiff's great financial detriment and loss.

21. As a further result of the said accident, Plaintiff has and will suffer severe loss of earnings and/or impairment of earning capacity.

**WHEREFORE**, Plaintiff, Jimmy Reyes, demands judgment in his favor and against all of the Defendants for compensatory damages not in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

**COUNT II RESPONDEAT SUPERIOR**
**JIMMY REYES VS. SAFETY FIRST AMBULANCE and**
**SAFETY FIRST AMBULANCE, LLC**

Case ID: 240900418
Case ID: 251201497

22.    Plaintiff, Jimmy Reyes, hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

23.    At all times relevant hereto, Defendants, John Doe Employee #1 and John Doe Employee #2, were the employees, servants, or otherwise agents of Defendants, Safety First Ambulance and Safety First Ambulance, LLC, and moreover, at all times relevant hereto, was acting within the scope of said employment or agency.

**WHEREFORE**, Plaintiff, Jimmy Reyes, demands judgment in his favor and against Defendants, Safety First Ambulance and Safety First Ambulance, LLC for compensatory damages not in excess of Fifty-Thousand Dollars ($50,000.00) together with costs and interest of suit.

**THE LAW OFFICES OF JOEL J. KOFSKY**

Dated: 08/03/2024                     BY:          *Joel J. Kofsky*

                                        JOEL J. KOFSKY, ESQUIRE
                                        Attorney for Plaintiff

## VERIFICATION

I, _____Jimmy Reyes_____, am the Plaintiff in this action and hereby verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information, and belief.

I understand that the statements in said pleading are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____
Signature

DATE:_____08/01/2024_____

Case ID: 240900418
Case ID: 251201497