**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SAFETY FIRST AMBULANCE, LLC.,

             *Plaintiff,*

    v.

EVEREST DENALI INSURANCE CO.,

             *Defendant.*

CIVIL ACTION
NO. 26-233

**Pappert, J.**                                         **March 5, 2026**

<u>**MEMORANDUM**</u>

On December 9, 2023, two Safety First Ambulance employees dropped and injured Jimmy Reyes while carrying him on a stretcher inside his home. (Compl. ¶¶ 13 & 14, Dkt. No. 1-1.) He sued Safety First in the Philadelphia County Court of Common Pleas, alleging his injuries resulted from its employees' negligence. (*Id.* ¶¶ 14, 21; Underlying Complaint ¶¶ 10, 15, Dkt. No. 1-1 at 86–87.) At the time of the incident, Everest Denali insured Safety First under a motor vehicle policy which covered damages "caused by an accident and resulting from the ownership, maintenance or use of a covered auto." (Business Auto Coverage Form § II.A., Dkt. No. 1-1 at 46) (internal quotations omitted).

Safety First submitted a claim to Everest under its insurance policy, (Compl. ¶¶ 9, 23), which Everest denied, contending the injuries Reyes sustained when he fell from the stretcher did not result from the use of the insured vehicle—the ambulance the employees drove to his home—which was fifty feet away from Reyes when he fell, (*Id.* ¶¶ 15, 24, 26, 30). Safety First settled its underlying dispute with Reyes, (*Id.* ¶ 31), then sued Everest in the Common Pleas Court, alleging it breached the terms of the

1

motor vehicle insurance policy and acted in bad faith when it denied coverage.  (*Id.* ¶ 57, 62.)  Everest removed the case to federal court, (Not. of Removal, Dkt. No. 1), and moved to dismiss both claims against it.  (Mot. to Dismiss, Dkt. No. 7.)  The Court grants Everest's motion and dismisses the case with prejudice.

I

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Step one is to "take note of the elements the plaintiff must plead to state a claim."  *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675).  Next, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, for all "well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).  If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint.  *Twombly*, 550 U.S. at 570.

2

II

The interpretation of an insurance contract is a question of law.  *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 360 (3d Cir. 2004).  Courts must enforce clear, unambiguous language in an insurance policy.  *Med. Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999).  As the party seeking coverage, Safety First has the "initial burden of showing that claims fall squarely within the policy's coverage." *Liberty Surplus Ins. Corp. v. McFaddens at Ballpark LLC*, 116 F. Supp. 3d 447, 455 (E.D. Pa. 2015).  The policy states, in relevant part, that

> [Everest] will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and **resulting from the ownership, maintenance or use of a covered 'auto.'**

(Business Auto Coverage Form § II.A) (emphasis added).

Safety First claims Reyes "was injured as a result of the use of the insured vehicle," (Compl. ¶ 49), thus triggering coverage, even though it admits that the "incident occurred approximately fifty (50) feet from the insured vehicle."  (*Id.* ¶ 15.) Safety First contends use of the stretcher was "essential to the use of the insured vehicle [the two employees] arrived in," and therefore Reyes's injuries triggered its motor vehicle insurance policy.  (*Id.* ¶¶ 18, 47, 49.)

"The word 'use' in connection with the words ownership [and] maintenance . . ., must be taken in its usual meaning of use of a motor vehicle" and must be "considered with regard to the setting in which it is employed." *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1367 (Pa. 1987) (internal citations and quotation marks omitted). The phrase "maintenance or use of a motor vehicle" means use "*as a vehicle.*" *Smith v. United Servs. Auto. Ass'n,* 572 A.2d 785, 787 (Pa. Super. Ct. 1990) (emphasis in

3

original).  While it may include "occupying, entering into, or alighting from [the vehicle]," something more than "incidental involvement . . . in the situation that gave rise" to the injuries is required.  *Allstate Prop. & Cas. Ins. Co. v. Squires,* 667 F.3d 388, 393 (3d Cir. 2012) (citations and internal quotation marks omitted).  Injuries result from the "use" of a vehicle if they are "a direct consequence of the use of the vehicle for its intended purpose."  *See Knightbrook Ins. Co. v. Northfield Ins. Co.*, 158 F. Supp. 3d 336, 342 (E.D. Pa. 2016) (finding injuries "occurred as the result of the use of an ambulance" where a patient fell from a wheelchair lift permanently affixed to the rear of the vehicle).

Reyes fell from a stretcher inside his home, fifty feet away from ambulance, and his injuries were not the direct consequence of its use.  *See St. Paul Fire & Marine Ins. Co. v. Am. Int'l Surplus Lines Ins. Co.*, No. 3:95-0790-D, 1997 WL 160192 (N.D. Tex. Mar. 31, 1997) ("The acts of providing emergency medical care and of carrying a person from some location to an ambulance are,. . . a necessary incident to the operation of an ambulance service, but are not fairly described as the use of an ambulance.").  Safety First may not extend its motor vehicle insurance into a home fifty feet away from its insured vehicle merely because a third party was injured on a stretcher taken from inside it.  *Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154, 164 (3d Cir. 2011) ("[P]olicy language may not be stretched beyond its plain meaning to create an ambiguity.").[1]

---

[1]    Safety First also argues that a "handling of property" exclusion supports the inference that its motor vehicle insurance policy covered the injuries Reyes sustained in his home.  (Resp. to Mot. to Dismiss at 6, Dkt. No. 15.)  This is plainly wrong.  "Exceptions to policy exclusions cannot create or expand insurance coverage."  *Unitrin Dir. Ins. Co. v. Esposito*, 751 F. App'x 213, 215 (3d Cir. 2018).

III

Since Everest correctly denied coverage, Safety First's bad faith claim fails. *Cozza v. State Farm Fire & Cas. Co.*, 440 F. App'x. 73, 75–76 (3d Cir. 2011) ("Where the sole basis for a bad-faith claim is the denial of coverage, there can be no bad-faith claim if the insurer was correct as a matter of law in denying coverage.").

IV

A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "liberally granted" unless amendment would cause "substantial prejudice" to the nonmoving party. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Absent substantial prejudice, amendment should be granted unless denial can be based on bad faith or undue delay, or amendment would be futile. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). Safety First's well-pleaded facts do not, and could not, invoke coverage under its insurance policy, so amendment would be futile. *See Big Red Mgmt. Corp. v. Zurich Am. Ins. Co.*, 579 F. Supp. 3d 665 (E.D. Pa. 2022) (finding amendment would be futile because an insurance policy did not cover disputed losses).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*<br>Gerald J. Pappert, J.

5